### TEXAS EMPLOYERS' INS. ASS'N v. HEUER. (No. 1751.)*

Court of Civil Appeals of Texas. Beaumont. Dec. 7, 1928. Rehearing Denied Dec. 12, 1928.

Morris, Sewell & Morris, of Houston, for appellant.

Howth, Adams, & Hart, of Beaumont, for appellee.

WALKER, J. ■ Because of appellant's insistence that we have erred in the following conclusion of fact: " * * * He (Heuer) testified that the pain from the injury was very severe, continuous, and wholly incapacitated him from work. Because of the injury to his hand, *he said he would never be able to follow again his trade as a tank rigger, and the condition of his hand, as exhibited to the jury, corroborated him on that issue*," we have granted appellant permission to file a second motion for rehearing. Appellant's attack is directed against our conclusion that appellee testified, "He said he would never be able to follow again his trade as a tank rigger." We did not give this as a quotation from appellee's testimony, but only as our conclusion from his testimony. In support of this conclusion we quote as following from his testimony:

"Since I got hurt down there I haven't been able to do anything: I can't do any kind of work: My arm is very near paralyzed: I can't get my arm up any higher than that and it is almost useless: It is nearly paralyzed. I can't use my arm at all: I will show you whether I can use it or not. This is as high as I can raise it: That is all I can do with it (indicating). This is as high as I can lift my left arm. I can't get my arm up any higher than this: I haven't any grip in my hand. I can't lift my arm any higher than that. I can't wash my neck—my boy has to wash my neck for me, and when I want to comb my hair I have to use my right hand and bring this arm up this way and comb it: I can't hardly put my coat on by myself. I can't even hang my coat or hat up; I have to use this hand. I don't know just what kind of sensation I have in my hand, but I know there is constant pain in it; there is constant pain in it twenty four hours a day. I can't sleep at nights for the pain in this arm. The pain is constant in my left

arm; the pain is constant in the left arm, which is the one I got injured with that tank. The pain comes all the way down the arm from here: It starts here and comes all the way down. The pain is from the end of the fingers on up this way; the whole arm pains me. My trouble is right in here. The pain begins at the end of my fingers and comes right up to there (indicating) I have pain and swelling in this arm: The pain is all over this arm and hand; it is all in here and here; it starts here and goes plumb down here (indicating). There is more pain right in here than any other place. That place is right in the elbow. That is worse than any other place. I can't get that arm adjusted so it will stop hurting; it hurts all the time, but the pain is worse right there in the elbow. I can't stretch my arm out any further than that (indicating). Before I was hurt I could stretch my arm out. I could turn my arm any direction that I wanted it before I was hurt, but since I got hurt I can't do anything with it.

"I haven't been able to do much of anything since that tank rolled over against my arm and shoulder while I was working for the Texas Company. I have been earning $20.00 a week for a while as a night watchman. I have not been able to work and earn any money since I got hurt; since I got hurt working for the Texas Company, I have not been able to do any manual labor, or the same kind of work that I was doing before I got hurt. Since I got hurt other people don't want me and they won't hire me. I have not been able to do any kind of work since I have been injured. I can't get employment anywheres. I haven't been able to get employment any place since I was injured: They just don't want me. Three or four days ago I saw an advertisement in the paper where they wanted some help in Houston so I answered the advertisement. I answered the advertisement but I didn't get the job. I applied for work but they wouldn't hire me. I can tell the jury why it was that they wouldn't hire me. They just didn't hire me: I just didn't get the job. They were advertising for a night watchman: I applied for the position but I did not get it. They wouldn't employ me because I couldn't fill the bill and I couldn't do the work. *I have not been able to follow my original occupation of tank rigger since I was injured. I couldn't get a job as tank rigger, being the work I have been following for many years. I have applied for that kind of job but I couldn't get it: they just wouldn't hire me in the condition I am in, that is all there is to it. They wouldn't hire me as a tank rigger because I can't do the work. The work of a tank rigger requires the free use of both arms and hands. Since I was injured I haven't that free use of my arms and hands.*

*I am not able to do the work of a tank rigger on that account. I am not able to do any kind of work that requires the free use of both arms and hands.*"

To the excerpt from Dr. Bailey's testimony given in our opinion on original submission, we would add the following:

"It is my opinion that the loss of the use of this man's left arm and shoulder is permanent and not temporary: I don't see any way to avoid permanency in this case, it has been going too long."

Now, from the testimony quoted by us, we draw the conclusion that the issue was raised that appellee "would never be able to follow again his trade as a tank rigger." We think this must follow from that portion of appellee's testimony given above in italics and from the last statement quoted from Dr. Bailey's testimony.

 In this second motion for rehearing appellant again insists that we erred in overruling its assignments against the trial court's charge, conceding, however, "It is true that we did not object to the giving of Special Issue No. 2½, but we did object to the court's definition on Issue No. 2." We have again reviewed our discussion of appellant's assignments attacking the court's charge, and believe that we have correctly disposed of all assignments taken on the trial. Of course, the assignments presented for the first time on motion for new trial cannot be considered.

The motions for rehearing are in all things overruled, except as herein indicated.