**HARTFORD ACCIDENT & INDEMNITY CO. v. HERRIAGE.**

No. 5121.

Court of Civil Appeals of Texas. Amarillo.
Feb. 26, 1940.

Peyton B. Randolph, of Plainview, and Cantey, Hanger, McMahon, McKnight & Johnson and James C. Wilson, Jr., all of Fort Worth, for appellant.

Webb & Webb, of Sherman, for appellee.

STOKES, Justice.

This suit was filed by appellee, T. H. Herriage, against appellant, Hartford Accident & Indemnity Company, to recover compensation under the Workmen's Compensation Law of this State. Art. 8306 et seq., R.C.S. 1925. The record shows that appellee was employed by West Texas Cotton Oil Company at Littlefield, in Lamb County, and appellant was the compensation insurance carrier. No question is raised concerning the injuries complained of by appellee nor his right to recover some amount therefor. The case was submitted to a jury and upon their answers to the special issues submitted to them, judgment was rendered by the trial court in favor of appellee for an amount aggregating $354.

In addition to allegations concerning his employment, injury and the liability of appellant under its policy of insurance, appellee alleged that he was a poor man and the head of a family; that he had no income except through his labor, and no property or home; that he had agreed with his attorneys to pay them one-third of the amount which he may recover; that he was in debt, and that his compensation of 60% of his average weekly wage would be so small, especially after deducting the amount which he had agreed to pay his attorneys, that it would be insufficient to support him and his family. He alleged that by virtue of his necessitous circumstances and the inadequacy of the payments to meet his necessities, he was entitled to have his weekly payments increased over and above the amount provided by law in ordinary cases

and the number of weeks during which his compensation should be paid correspondingly decreased as provided by Sec. 15a of Art. 8306, R.C.S.1925.

Under special issues Nos. 49, 50 and 51 the court submitted to the jury the questions of whether or not the weekly compensation, if any, to be paid appellee was inadequate to meet his necessities; whether or not the weekly payments should be increased, and the amount of such increase, if any. In answer to these special issues the jury found that the amount of the weekly payments would be inadequate; that they should be increased and the amount of such increase should be $5 per week.

Appellant urged special exceptions to the allegations of appellee concerning his necessitous circumstances and the matter of accelerated installments of his compensation. It also objected to the testimony concerning the same and to the special issues submitted by the court in reference thereto. These exceptions and objections were overruled by the court and the rulings of the court on these matters constitute the subject matter of this appeal.

The controlling question in the case is whether or not, under the provisions of Sec. 15a, Art. 8306, the court, upon a trial de novo of a compensation case, is authorized to determine the question of accelerated weekly payments of compensation. The section of the statute provides, substantially, that in cases where the compensation is payable weekly and it appears to the Industrial Accident Board that the "amount of compensation being paid" is inadequate to meet the necessities of the employee or beneficiary, the board shall have power to increase the same by correspondingly decreasing the number of weeks for which the same is to be paid. It is provided, however, that in no case shall the amount to which the payments are increased exceed the amount of the average weekly wages upon which the compensation is based. Appellant contends that the statute, Sec. 15a of Art. 8306, contemplates only a case wherein the compensation has already been fixed either by the board or by the court upon a trial de novo and that the court does not have authority to accelerate the weekly payments of compensation nor even to consider that matter upon an original trial of a compensation case. It contends further that the Industrial Accident Board and not the court has jurisdiction or authority to pass upon the matter of accelerat-

ing the weekly payments and that, therefore, the court erred in overruling its special exceptions to appellee's allegations concerning the matter of accelerated payments and in overruling its objections to appellee's testimony concerning the same and its objections to the special issues in which the question was submitted to the jury.

The section of the article mentioned provides that where it appears to the board that the amount of compensation "being paid" is inadequate to meet the necessities of the employee, the board shall have the power to increase the amount of compensation by correspondingly decreasing the number of weeks for which the same is to be paid. In view of the phrase "amount of compensation being paid", if we consider the provision of that section alone, without reference to other provisions of the act, and construe literally its phraseology, the conclusion contended for by appellant would probably be the logical one. But it is the policy of the law, and has many times been so expressed by the courts, that the compensation law must be construed as a whole, and that it should receive a broad and liberal construction so as to effectuate its intent and purpose. Vestal v. Texas Employers' Ins. Co., Tex.Com.App., 285 S.W. 1041; Texas Employers Ins. Ass'n. v. Moreno, Tex.Civ.App., 260 S.W. 283. Section 15, which immediately precedes Sec. 15a, makes provision for payment of the compensation in a lump sum, either by agreement of the parties with the approval of the Industrial Accident Board, or by order of the board in cases where manifest hardship and injustice would otherwise result. The power of the board to order the redemption of the compensation liability by the payment of a lump sum is confined by the provision of that section, however, to cases where death or total permanent incapacity results. Unless a case comes within that category, the board does not have authority to compel payment of the compensation in a lump sum. In other words, neither the Industrial Accident Board nor the court has the power to enforce a lump sum settlement in a case such as the instant case where the injury did not result in death or total permanent incapacity. It was no doubt the purpose of the law makers when they enacted Sec. 15a to provide for some similar relief in cases where death or permanent incapacity did not result. Instead of allowing a complete lump sum settlement in such cases, it was

provided that in necessitous cases the weekly payments may be increased by correspondingly decreasing the number of weeks for which the same is to be paid. It is evident that they had in mind the same character of relief and their purpose was to provide ameliorating conditions in cases where necessitous circumstances were shown and the amount of compensation provided by the law should be inadequate to meet the necessities of the employee or beneficiary.

■ There is no doubt that the question of lump sum settlement vel non is a proper one to be considered by the board or the court upon a trial de novo of an original compensation case and we conceive no reason why the law makers would have made a distinction between the question of a lump sum settlement in a death or permanent incapacity case and an accelerated weekly payment provision in a case of temporary or partial incapacity. The relief provided for both is of the same nature; the only difference being the character of cases to which each applies. We think, therefore, that the slight difference in the language of the two sections should not be so construed as to require wholly different and much more complicated procedure in the latter cases from that which is provided in the former. In our opinion, when a case falling within the provisions of Sec. 15a is appealed from the Industrial Accident Board and jurisdiction thereof is acquired by the court for trial de novo, the court acquires over it the same jurisdiction as that which it acquires over a case involving death or permanent incapacity when it is appealed for trial de novo in the manner provided by the law.

■ It has been held in many cases that upon the perfecting of an appeal from the ruling of the Industrial Accident Board, which is done by giving notice and filing suit within the time prescribed by the statute, the court acquires jurisdiction over the case and the board loses all control over the matters in litigation. The board has no jurisdiction thereafter to exercise control over the case. Vestal v. Texas Employers Ins. Ass'n., supra.; Millers' Indemnity Underwriters v. Hayes, Tex.Com.App., 240 S. W. 904. The matter of whether or not a lump sum settlement should be awarded under the provisions of Sec. 15, Art. 8306, presents a question of fact to be passed upon by the court when the case is before the court for trial de novo, or by the jury when a jury is empaneled, and we think the purpose and intent of the law is the same in cases falling under the provisions of Sec. 15a of that article. National Indemnity Underwriters v. Cherry, Tex.Civ.App., 110 S.W. 115; Consolidated Underwriters v. Saxon, Tex.Com.App., 265 S.W. 143; Gulf Casualty Co. v. Garner, Tex.Civ.App., 48 S.W.2d 746.

While, as far as we know, the authority of the courts to pass upon the question of accelerated weekly payments has not hitherto been directly challenged on account of the wording of the statute, as it is in this case, our courts seem generally to have, assumed that such an issue is a proper one for decision of the courts upon a trial de novo. The Court of Civil Appeals of the Sixth District has held that under a prayer for general relief the court was authorized to increase the compensation by decreasing the number of weeks, and the Supreme Court denied a writ of error. Western Indemnity Co. v. Milam, Tex.Civ.App., 230 S.W. 825. See also Carter et al. v. Travelers Ins. Co., 132 Tex. 288, 120 S.W. 581.

■ Appellant contends that the allegations, the evidence, and the special issues submitted to the jury concerning the necessitous circumstances of appellee and his prayer for accelerated weekly payments were in their nature prejudicial, highly inflammatory and calculated to excite the sympathy of the jury on behalf of appellee. For that reason, it suggests, the responsibility and duty of passing upon the question of accelerating the weekly payments was placed exclusively within the authority of the Industrial Accident Board. We cannot accede to this contention. The right to have the weekly payments increased in a proper case is given to claimants of compensation by the provisions of the law. They are made to depend upon questions of fact and, although such questions may be of such a nature as to excite more or less sympathy on the part of any normal human being, they cannot be said to be such as would justify a denial of the constitutional right of trial by jury. They are of exactly the same character as the conditions provided by the law which must be shown as a basis for an order or judgment compelling the insurance company to redeem its liability by the payment of the compensation in a lump sum in death and total permanent disability cases, and there can be no question that, under the statute, in those cases the question of lump sum set-

tlement is one for the jury to decide in cases where a jury is empaneled. Nat'l. Indemnity Underwriters v. Cherry, supra, and cases there cited; Lumberman's Reciprocal Ass'n. v. Behnken, 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402.

We have carefully examined all of the assignments of error and propositions urged by appellant and, in our opinion, no error is revealed. The judgment of the court below will, therefore, be affirmed.