**TEXAS STATE HIGHWAY DEPART-MENT, Appellant,**

v.

**James Henry PRITCHETT, Appellee.**

No. 15662.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 30, 1955.

Rehearing Denied Oct. 28, 1955.

798

John Ben Shepperd, Atty. Gen., A. M. LeCroix, and Robert O. Fagg, Asst. Attys. Gen., Austin, for appellant.

Peery & Wilson, and Bob L. Wilson, Wichita Falls, for appellee.

BOYD, Justice.

On September 2, 1952, appellee James Henry Pritchett sustained personal injuries in the course of his employment by appellant Texas State Highway Department. Appellant immediately began compensation payments at the maximum weekly rate of $25 and furnished hospitalization and medical services. The payments, hospitalization and medical services were continued to the time suit was filed.

On September 14, 1953, appellee filed his claim for compensation with the Industrial Accident Board. On September 23, 1953, the Board wrote appellee in part as follows: "No action will be taken by this Board so long as the insurance carrier is paying weekly compensation, if the weekly compensation rate is in the correct amount and if they are furnishing medical attention, as provided by law." We quote from a letter written by appellee to the Board on February 12, 1954: "I am married and I have five children. I am unable to meet my obligations and provide for my family on $25.00 per week. I am totally disabled from performing any work and I have no income other than that which I am able to get from my own work. It would work a manifest hardship on me if I am unable to get my compensation in a lump sum. I therefore respectfully request the Industrial Accident Board set my case for hearing on the merits and on the question of lump sum." On March 22, 1954, appellee forwarded to the Board a detailed medical report, which concluded, "He is totally and permanently disabled." On August 10, 1954, appellee submitted to the Board his affidavit, stating that he was totally and

permanently disabled, and that it would be a hardship and injustice to have his compensation paid in weekly installments, and requested the Board to set his case "on the merits and on the question of lump sum and the question of accelerated payments under Art. 8306, Section 15a."

On September 14, 1954, the Board wrote appellee's attorneys as follows: "I have been instructed by this Board to advise you that your request for such hearing has been denied. This claimant is receiving his compensation and is being furnished medical care and it is not to the best interest of this claimant that his case be heard at this time.

"This Board is further of the opinion that Section 15a of Article 8306 is not applicable in this claim. Said Section 15a of Article 8306 provides in part, 'A claim may be set on increased compensation payments where there is a *known definite period.*' There is no known definite period in this case." (Emphasis not supplied.)

Appellee notified the Board that he considered such letters to constitute a final ruling and award, and advised that he would not abide by such final ruling. In due time, he gave notice of appeal and filed this suit.

Appellant filed a plea to the jurisdiction of the court on the ground that the suit was filed prior to a final award by the Industrial Accident Board, and that since appellant was paying compensation and furnishing medical services to appellee, the Board's action in refusing to set the hearing was not appealable by virtue of Article 8309a.

The court overruled the plea to the jurisdiction, and submitted the case to a jury. It was stipulated that appellee's average weekly wage was $50. The jury found that appellee was totally and permanently disabled; that payment of compensation in weekly installments instead of in a lump sum would result in manifest hardship and injustice to him; and that weekly payments not to exceed $25 per week would be inadequate to meet his necessities.

Judgment was rendered that appellee recover $6,226.80 for total and permanent disability, in a lump sum.

Appellant's first point of error involves the overruling of the plea to the jurisdiction.

Article 8306, R.C.S., provides in part as follows:

"Sec. 15. In cases where death or total permanent incapacity results from an injury, the liability of the association may be redeemed by payment of a lump sum by agreement of the parties thereto, subject to the approval of the Industrial Accident Board. This section shall be construed as excluding any other character of lump sum settlement except as herein specified. In special cases where in the judgment of the board manifest hardship and injustice would otherwise result, the board may compel the association in the cases provided for in this section to redeem their liability by payment of a lump sum as may be determined by the board."

"Sec. 15a. In any case where compensation is payable weekly at a definite sum and for a definite period, and it appears to the board that the amount of compensation being paid is inadequate to meet the necessities of the employee or beneficiary, the board shall have the power to increase the amount of compensation by correspondingly decreasing the number of weeks for which the same is to be paid allowing discount for present payment at the rate of four per cent (4%), compounded annually; provided that in no case shall the amount to which it is increased exceed the amount of the average weekly wages upon which the compensation is based; provided it is not intended hereby to prevent lump sum settlement when approved by the board."

Article 8307, Sec. 5, provides that any interested party may appeal from the final ruling and decision of the Board, and that "the rights and liability of the parties thereto shall be determined by the provision of this law * * *, and the Court shall * * * determine the issues in such cause instead of the Board upon trial de novo and the burden of proof shall be upon the party claiming compensation. * * *"

Article 8309a reads as follows: "When an injured employee of a subscriber under the Workmen's Compensation Act has sustained an injury in the course of employment and filed claim for compensation and given notice as required by law, the Industrial Accident Board shall hear his claim for compensation within a reasonable time. Provided, however, when such injured employee is being paid compensation as provided in the Workmen's Compensation Act, and the Insurance Association is furnishing either hospitalization, chiropractic service or medical treatment to such employee, the Industrial Accident Board may, within its discretion, delay or postpone the hearing of his claim, and no appeal shall be taken from any such order made by the Board."

Article 6674s, Sec. 17, relating to claims for compensation for employees of the Texas State Highway Department, is substantially the same as Article 8309a.

Article 8309a was enacted as Section 1, Chapter 179, Acts of the 42nd Legislature. The emergency clause recites that "The fact that in many instances the Industrial Accident Board is required to hear and dispose of claims made by employees who are being paid compensation under the Workmen's Compensation Act, when these employees are also receiving medical treatment or hospitalization at the expense of the carrier, and the hearing of such claims by the Board invariably result in the discontinuance of hospitalization and medical treatment by the carrier, as well as discontinuance of the payment of compensation to the employee; and the further fact that in many instances the Board is required to pass upon claims of employees who are being paid compensation before such employees have reached maximum recovery result in many employees who receive injuries being deprived of much needed medical attention and that under present conditions the Industrial Accident Board is required to take premature action in such cases create an emergency * * *."

A question for determination seems to be: Did the Legislature intend, by enacting the provisos in Article 8309a and Section 17 of Article 6674s, to preclude the

courts from adjudicating the claim of an injured workman for accelerated payments or a lump sum award, when he is being paid compensation at the maximum weekly rate and medical services are being furnished, but the payments are inadequate to meet his necessities, and he is totally and permanently disabled and a manifest hardship and injustice would result if he is denied a lump sum award? If that be the legislative intent, we must obey. But it is difficult for us to believe that the Legislature intended to deprive an injured workman of a hearing on the issues of accelerated payments and a lump sum award, when the facts are such as to make applicable the provisions of Sections 15 and 15a of Article 8306.

■ Whether the maximum weekly compensation was "inadequate" to meet appellee's "necessities" had not been settled by agreement or by a ruling of the Board, yet Article 8306, Sec. 15a, confers that jurisdiction upon the Board. It is true that it is only to cases where the compensation is payable weekly "at a definite sum and for a definite period" that said section applies. No "definite period" for payments had been agreed to or determined. However, it was held in Hartford Accident & Indemnity Co. v. Herriage, Tex.Civ.App., 139 S.W.2d 873, that a prior determination of the amount of compensation was not necessary before the court could pass upon the question of accelerated payments. This court followed that holding in Insurance Company of Texas v. Davis, Tex.Civ.App., 276 S.W.2d 327, writ refused, n.r.e.

Likewise, whether appellee was entitled to a lump sum award had not been settled by agreement or by a ruling of the Board. He asked the Board to set a hearing on that issue. Had it done so, and ruled adversely to appellee, he could have appealed.

By proper claim and supporting evidence, appellee presented to the Board the issues as to whether he was totally and permanently disabled, whether $25 per week was inadequate to meet his necessities, and whether manifest hardship and injustice would result if a lump sum award were not made.

■ Whether a claimant is entitled to accelerated payments or to a lump sum are questions of law and fact for determination by the Board, or by the court upon a trial de novo. Hartford Accident & Indemnity Co. v. Herriage, supra. In the classes of cases where these benefits are applicable, these questions are independent and stand alone. In cases where accelerated payments are claimed, it is immaterial that the claimant is being paid the maximum weekly rate, if that amount is inadequate to meet his necessities. If he is totally and permanently disabled, the amount of his weekly compensation is likewise immaterial on the issue of lump sum, except in so far as it bears on the question of hardship and injustice.

Whether the Legislature could deny the right of appeal where the Board postponed to the end of the compensation period a hearing on a claim for accelerated payments or lump sum, thus depriving an injured workman of the entire benefit of Sections 15 and 15a of Article 8306, is not, we think, before us for decision. In our opinion, that result was not accomplished in enacting the provisos in Article 8309a and in Section 17, of Article 6674s.

■ The Workmen's Compensation Law must be construed as a whole, and it should receive broad and liberal construction so as to effectuate its purpose and intent; and it is now settled that it will be construed liberally in favor of the compensation claimant. American Motorists Ins. Co. v. Steel, Tex.Civ.App., 229 S.W.2d 386. We may not assume, unless the conclusion be inescapable, that the lawmakers intended to eliminate, with one fell swoop, the right of a claimant, otherwise eligible, to show if he can, that he is entitled to the benefit of the plain provisions of either Section 15 or Section 15a, of Article 8306, and thus render those provisions nugatory or beneficent at the discretion of the Board.

■ When the insurance carrier redeems its liability by making accelerated payments or by paying in a lump sum, the claimant is being paid compensation "as provided in the Workmen's Compensation Act," for it is as

much in compliance with the Act for him to receive, in the cases provided for, either accelerated payments or a lump sum as it is for him to receive any compensation at all. Indeed, it might seem reasonable to hold that paying compensation at the maximum weekly rate would not be "as provided in the Act," where the Act provides that compensation be paid in accelerated payments or in a lump sum.

The instant case points up the harsh result that would follow if appellant's construction of the statute be adopted. Appellee has a wife and four children to support. He has no income except the weekly payments. His attorney's fee will come out of that. The jury found that such payments were inadequate to meet his necessities. This finding is not surprising, and is not challenged. The jury found that appellee is totally and permanently disabled and that manifest hardship and injustice would result if his compensation is not paid in a lump sum. This finding is not challenged. Appellee testified that he had not been able to earn a dime since the injury, and that he could not support his family on the weekly payments. This testimony is not disputed. It does not appear that a hearing under such circumstances would have been "premature."

■ The provisos might preclude an appeal where no question was involved other than whether there was a compensable injury, the extent of disability, and wage rate. But we do not believe that they should be construed so as to destroy the right of one claiming the benefits of increased payments or a lump sum to have his claim determined. And unless the right to appeal is taken away by the provisos, the refusal of the Board to hear appellee's claim constituted such a final decision as would be appealable. Southern Casualty Co. v. Todd, Tex.Com.App., 29 S.W.2d 973; Southern Surety Co. v. Hendley, Tex.Civ. App., 226 S.W. 454, writ refused; Welch v. United States Fidelity & Guaranty Co., Tex.Civ.App., 54 S.W.2d 1041; Brown v. Texas Employers' Insurance Association,

Tex.Civ.App., 276 S.W.2d 314. Appellant's first point is overruled.

■ Appellee concedes appellant's second point, which is that the court used four per cent as the discount rate, when it should have used six per cent.

■ The last point is that the jury returned conflicting answers to Issues Nos. 15, 16, and 17. Those Issues were: "No. 15. Do you find from a preponderance of the evidence that payment of compensation, if any, to the Plaintiff in weekly installments, instead of a lump sum, will result in manifest hardship and injustice to the Plaintiff? Answer: Yes. No. 16. Do you find from a preponderance of the evidence that the payment of compensation, if any, in weekly payments not to exceed $25.00 per week to the Plaintiff will be inadequate to meet his necessities? Answer: Yes. No. 17. What amount do you find from a preponderance of the evidence that the Plaintiff should receive in weekly payments, if any, as a result of such increase, if any? Answer in Dollars and Cents, if any, or none. You are instructed that you will not answer this Issue in an amount above $50.00 per week. Answer: $50.00 per week."

■ We find no conflict. The court submitted both lump sum and increased payments. The jury did not find that appellee was entitled to both, but found that he was entitled to either. The jury was not asked to make the choice.

The judgment is reformed so as to allow recovery for the appellee in the sum of $6,114.72, with interest at six per cent from March 3, 1955, and as reformed, is affirmed. Costs of appeal are adjudged 4/5 against appellant and 1/5 against appellee.

On Motion for Rehearing

■ As pointed out in appellant's motion for rehearing, we were in error in our original opinion when we said that appellee's attorney's fee would be paid out of the weekly compensation payments. We

withdraw that statement. With that correction, the motion for rehearing is overruled.

We do not feel that what we have said here could be construed as affecting the conclusions reached in the original opinion, and we therefore think it could not form a basis for a second motion for rehearing.