TEXAS STATE HIGHWAY DEPARTMENT V.
JAMES HENRY PRITCHETT

No. A-5544. Decided March 14, 1956.
287 S.W. 2d Series 938.

*John Ben Sheppard,* Attorney General, *A. M. LeCroix* and *Robert O. Fagg,* Assistants Attorney General, for petitioner.

The trial court and the Court of Civil Appeals erred in failing to sustain petitioners plea to the jurisdiction of the Court. Munsion v. Traders & Gen. Ins. Co., 170 S.W. 2d 262; Hawthorne v. Anchor Casualty Co., 53 Fed. Supl., 475; Southern Casualty Co. v. Todd, 29 S.W. 2d 973.

*Perry & Wilson,* of Wichita Falls, for respondent.

In response to petitioner's proposition cited Gulf Railway Co. v. Woods, 290 S.W. 729; Southern Pac. Co. v. Sorey, 140 S.W. 334; Texas State Highway Dept. v. Gorham, 162 S.W. 2d 934.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This is a workman's compensation case in which the sole question for decision here is that of the jurisdiction of the trial court. That court overruled petitioner's plea to its jurisdiction, and upon a jury verdict rendered judgment in favor of respondent for total, permanent disability in a lump sum, which judg-

ment was reformed in a particular not material here, and as reformed was affirmed. 283 S.W. 2d 796.

Acting under authority of an Act of 1937, 45th Legislature, Chapter 502 (Vernon's Texas Civil Statutes, Art. 6674s), petitioner, Texas State Highway Department, is self insurer of its employees. Respondent Pritchett, an employee of the Department, sustained serious personal injuries in the course of his employment on September 2, 1952. The Department at once began paying him compensation at the maximum rate of $25.00 per week, and in addition provided him with hospitalization and medical service, all of which were continued to the time this

suit was filed. During that period petitioner paid respondent compensation for 119 weeks, totaling about $3,000.00, and paid for hospital and medical services, including four operations, totaling more than $4,000.00. Its legal liability for such services under the statute did not extend beyond ninety-one days. Article 8306, Sec. 7.

On September 16, 1953, respondent filed his claim for compensation with the Industrial Accident Board. On September 23, 1953, the Board acknowledged receipt of the claim by notice in writing, reading, in part, as follows:

"You are informed that our records indicate that the insurance carrier has acknowledged liability for this injury and has commenced the payment of compensation, fixing the weekly rate at $25.00.

"No action will be taken by this Board so long as the insurance carrier is paying compensation, if the weekly compensation rate is in the correct amount and if they are furnishing medical attention, as provided by law. However, if the compensation payments are suspended before full recovery for the injury in question, please advise us and we shall be glad to assist you in effecting a satisfactory adjustment of the claim."

On February 16, 1954, the Board received a request from respondent that his case be set for hearing on the merits and on the question of lump sum settlement. As grounds for his claim he recited:

"I am married and I have five children. I am unable to meet my obligations and provide for my family on $25.00 per week. I am totally disabled from performing any work and I have no

income other than that which I am able to get from my own work. It would work a manifest hardship on me if I am unable to get my compensation in a lump sum.

"I therefore respectfully request the Industrial Accident Board to set my case for hearing on the merits and on the question of lump sum."

On August 20, 1954, the Board received an affidavit by respondent, dated August 10, 1954, requesting the Board to set his case "on the merits and on the question of lump sum and the question of accelerated payments under Art. 8306, Sec. 15a."

On September 14, 1954, the Board wrote to respondent's attorneys:

"I have been instructed by this Board to advise you that your request for such hearing has been denied. This claimant is receiving his compensation and is being furnished medical care and it is not to the best interest of this claimant that his case be heard at this time.

"This Board is further of the opinion that Section 15a of Article 8306 is not applicable in this claim. Said Section 15a of Article 8306 provides in part, 'A claim may be set on increased compensation payments where there is a *known definite period.*' There is no known definite period in this case."

Respondent construed the letters of the Board to constitute a final ruling and award, and advised the Board that he would not abide by such final ruling. Thereafter, in due time, he gave notice of appeal and filed this suit in the district court. Petitioner filed a plea to the jurisdiction of the court on the ground that, since it was paying respondent compensation and furnishing him hospitalization and medical services, the Board's action in refusing to set a date for the hearing was not appealable by virtue of Article 8309a, Vernon's Texas Civil Statutes. The plea was overruled and the case submitted to a jury, resulting in a judgment, based upon the jury's verdict, awarding respondent compensation for total, permanent disability in a lump sum.

A decision of this case turns upon the construction of an Act of the 43rd Legislature, 1931, Chapter 179 (Vernon's Texas Civil Statutes, Art. 8309a). That Article is, in substance, the same as Article 6674s, Section 17 (V.T.C.S.), relating specifically to compensation for employees of the State Highway De-

partment. Article 8309a was amended in 1953 so as to include "chiropractic service" along with hospitalization and medical treatment; otherwise it remains as originally enacted. The Article reads as follows:

"When an injured employee of a subscriber under the Workmen's Compensation Act has sustained an injury in the course of employment and filed a claim for compensation and given notice as required by law, the Industrial Accident Board shall hear his claim for compensation within a reasonable time. Provided, however, when such injured employee is being paid compensation as provided in the Workmen's Compensation Act, and the Insurance Association is furnishing either hospitalization, chiropractic service or medical treatment to such employee, the Industrial Accident Board may, within its discretion, delay or postpone the hearing of his claim, and no appeal shall be taken from any such order made by the Board." (As amended Acts 1953, 53rd Leg., p. 493, ch. 178, § 7.)

That language is certain in meaning, but the legislative intent in its enactment is made doubly certain by the emergency clause to the original Act of 1931, Sec. 3, which reads as follows:

"The fact that in many instances the Industrial Accident Board is required to hear and dispose of claims made by employees who are being paid compensation under the Workmen's Compensation Act, when these employees are also receiving medical treatment or hospitalization at the expense of the carrier, and the hearing of such claims by the Board invariably result in the discontinuance of hospitalization and medical treatment by the carrier, as well as discontinuance of the payment of compensation to the employee; and the further fact that in many instances the Board is required to pass upon claims of employees who are being paid compensation before such employees have reached maximum recovery result in many employees who receive injuries being deprived of much needed medical attention and that under present conditions the Industrial Accident Board is required to take premature action in such cases create an emergency * * *."

The facts of this case, as recited above, bring it squarely within the provisions of the statute. Respondent's position is that "Article 8309a should be construed as holding that in cases where the question of lump sum and accelerated payments were not involved and compensation was being paid and medical attention furnished, the Board would have a discretion with re-

ference to setting the case, but where the question of lump sum and accelerated payments were involved, the injured employee would have the same rights to a determination of that question by the Board and the Court that had previously been given him by the decisions of the Supreme Court."

As we construe that contention, it is that the Legislature intended that the Article should apply only in a case that would rarely, if ever arise,—that is, a case in which the insurer acknowledges liability by paying regularly in weekly installments the full amount of compensation to which the employee is entitled and providing him with hospitalization and professional attention, yet the employee desires to have the Board without delay pass upon his right to receive those benefits only. We cannot adopt the view that the Legislature would have enacted this statute for such a limited purpose. In fact, that, to our minds, would be to enact it with intent that it serve pracically no purpose.

The statute authorizes the Board in its discretion, to delay or postpone the hearing of an employee's claim for compensation. It does not restrict that discretion to any particular kind of claim. A claim for compensation in a lump sum or in accelerated payments is a claim within the language of the statute just as truly as is a claim for compensation to be paid in weekly instalments. To give the statute the construction contended for by respondent would be to hold that it has the same meaning as if it read, the Industrial Accident Board may, in its discretion, delay or postpone the hearing of a claim *for compensation in weekly instalments only*. Courts should not read that underscored language into the statute.

In a written argument filed just prior to the submission of this case, respondent expresses his view as to the proper construction of the statute in this language:

"The Legislature was saying that if compensation was being paid as provided in the Workmen's Compensation Act, and the provisions of the Workmen's Compensation Act include a provision for a lump sum in certain cases, and a provision for accelerated payments in other cases, that the Board might, in its discretion, delay a hearing on a claim."

We are unable to follow that reasoning. It seems to give no effect to the statute. If compensation is being paid in a lump sum

or in accelerated payments, we cannot understand what claim respondent refers to which the Board might delay to hear.

The legislative intent in enacting this statute, as expressed in the emergency clause, speaks for itself and needs no further statement, but it seems clear to·us that the intention was to vest in the Board, rather than in the injured employee, the discretion to determine what course would be to the best interest of such employee under circumstances like those in the instant case; that is to say whether the best interest of the employee would be served by a continuation of hospitalization and medical treatment in an effort to rehabilitate him, or to discontinue those services, notwithstanding his need therefor. The evidence, to our minds, does not even suggest that the Board abused its discretion in this instance.

We are referred to no cases involving a state of facts like the present one, but the construction which we give the statute is in harmony with the construction given in Munmon v. Traders and General Insurance Company, 170 S.W. 2d 262 (no writ history), and Hawthorn v. Anchor Casualty Company, 53 Fd. Supp. 475.

The judgments of the trial court and the Court of Civil Appeals are reversed, and the case is dismissed without prejudice to the right of respondent to refile his claim in the event the petitioner should cease paying him compensation or cease furnishing him hospitalization, chiropractic service or medical treatment.

Opinion delivered March 14, 1956.

MR. JUSTICE SMITH, dissenting.

The sole question in this case was raised when the petitioner filed in the District Court of Archer County, Texas, its plea to the jurisdiction, which presented the question of whether the action of the Industrial Accident Board, in refusing to set for a hearing respondent's claim for a lump sum settlement, or in the alternative, for an ,acceleration of payment, as provided under Article 8306 of the Workmen's Compensation Act, was a final appealable order. I think the trial court and the Court of Civil Appeals correctly decided this question in favor of respondent.

The case of Southern Casualty Co. v. Todd, 1930, Texas Com.

App., 29 S.W. 2d 973, is decisive of the issue here, and was not, as petitioner contends, decided solely on the ground that the Board should hear a claim *within a reasonable time,* as called for in that portion of Article 8309a, which precedes the provision of the Article involved in this case. The Court, after citing the letter written by the Industrial Accident Board, similar in tenor as the one involved here, quoted the issue as had been stated by the Court of Civil Appeals, in part, as follows: " 'The Southern Casualty Company, defendant in the trial court and plaintiff in error here, pleaded by way of exceptions and special plea to the jurisdiction of said trial court, on the ground that the ruling and decision of the Industrial Accident Board, which was said letter above shown, was not a final ruling and decision of said Board, and was not such a ruling and decision as required by law and upon which an appeal to the court could be predicated.' " This precise question is involved in our case. The exact question, in my opinion, was also involved in the case of Jones v. Texas Indemnity Ins. Co., Texas Civ. App., 15 S.W. 2d 1077, wr. ref. In that case, the Court of Civil Appeals held that the "* * * Courts have no jurisdiction of a claim arising under the Workmen's Compensation Law (Rev. St. 1925, Arts. 8306-8309) unless the Industrial Accident Board has made a final ruling and decision thereon." The Board's letter, which the court held to be not an appealable order, contained the following statement: "Because of the fact that our records indicate that the Insurance Company is paying compensation, the Board does not consider that the time has yet arrived to set the case for a hearing."

The court, in the Southern Casualty Company case, upheld the decision of the Court of Civil Appeals of the Fifth District, holding that the courts did have jurisdiction, and in doing so, stated that such decision was in direct conflict with the Jones case, supra, and further held, "* * * We have examined both opinions, and have reached the conclusion that the Court of Civil Appeals of the Eleventh District erred in holding as it did." Now, after 26 years, and after the passage of Article 8309a, we have before us the same basic question as was involved in both the Southern Casualty Co. and Jones cases, supra. The majority is now upholding and reinstating the Jones case and overruling the Southern Casualty case.

The question is: Can the Board arbitrarily and without evidence deprive a claimant of his right to a hearing of his claim arising under either Section 15 or 15a, Article 8306, merely because weekly compensation is being paid, and medical and

hospital expenses are being paid by the insurer? It is my contention that the Legislature, by enacting Article 8309a did not repeal either Sections 15 or 15 a of Article 8306. The majority cites the emergency clauses to the original act (Art. 8309a) in support of its holding. The Legislature does not repeal statutes through an emergency clause. Article 8309a, by its terms, did not expressly, or by implication, repeal the right given a claimant under Sections 15 and 15 a of Article 8306. I venture the assertion that hundreds, perhaps thousands of claims, are filed each year with the Industrial Accident Board which do not involve the question of lump sum settlement or acceleration of payments. Prior to the enactment of Art. 8309a, the Board was compelled to set all such claims *within a reasonable time* even though the insurer was paying compensation. The effect of Article 8309a was to give the Board some discretion, but gave it no discretion as to claims arising under Sections 15 or 15a of Article 8306. I repeat statutes cannot be repealed by implication. Articles 8306 and 8309a cover the same subject matter— workmen's compensation. As was said by this court in the case of Southern Pac. Co. v. Sorey, 104 Texas 476, 140 S.W. 334, 336, " 'where two statutes cover, in whole or in part, the same matter, and are not absolutely irreconcilable, the duty of the court (no purpose to repeal being clearly expressed or indicated) is, if possible, to give effect to both. In other words, it must not be supposed that the Legislature intended by a later statute to repeal a prior one on the same subject, unless the last statute is so broad in its terms and so clear and explicit in its words as to show that it was intended to cover the whole subject, and therefore to displace the prior statute.' "

I do not think the case of Hawthorne v. Anchor Casualty Co., 53 F. Supp. 475 by Federal District Judge Kennerly of the Southern District of Texas, controls, in any respect, the case at bar. In that case it was the contention of the insurer that the claimant had suffered a specific injury and it was willing to pay compensation for a definite period of 125 weeks. The claimant contended that he was entitled to compensation for total and permanent disability. The Board ruled that "* * * In view of the nature of this claimant's injury, the Board will insist that the insurance company pay weekly compensation rather than set this case for hearing at this time." In that case, apparently, the Board determined the nature of the claimant's injury, but in our case the Board has refused to grant the claimant a hearing, and the majority, by its decision, is upholding an action of the Board which, in effect, deprives respondent-claimant of due process as guaranteed him under the Constitution.

The case of Munmon v. Traders & General Ins. Co., Texas Civ. App., 170 S.W. 2d 262, no writ history, decided after the enactment of Article 8309a, in my opinion, supports the contention of respondent on the principal point involved. On that point (the letter written by the Board refusing to set the claim for a hearing) the court held that the letter constituted an appealable order, and in support thereof, cited the case of Southern Casualty Co. v. Todd, supra. The case was reversed and remanded for a new trial. Article 8309a did not have the effect of overruling the holding in the Todd case.

I would affirm the judgment of the Court of Civil Appeals.

Opinion delivered March 14, 1956.