INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant,

v.

Luther R. CARRELL, Appellee.

No. 3594.

Court of Civil Appeals of Texas. Waco.

Nov. 13, 1958.

Rehearing Denied Dec. 11, 1958.

---

Barnes & Barnes, Beaumont, for appellant.

Joe H. Tonahill, John H. Seale, Jasper, for appellee.

McDONALD, Chief Justice.

This is a Workmen's Compensation case. Luther R. Carrell brought suit against the Indemnity Insurance Company of North America to recover compensation for injuries alleged to have been sustained in the course of his employment as an employee of Bethlehem Steel Company. Trial was to a jury, and judgment entered on its verdict awarding Carrell compensation for total and permanent disability in the amount of $8,861.13. The Indemnity Insurance Company has appealed.

Plaintiff alleged in his First Amended Petition that on or about March 6, 1957, while in the course of his employment with the Bethlehem Steel Company, as he stepped down in an awkward, twisting position, he slipped and something tore loose in his back, injuring his spine and lower back and causing herniation on the right of the disc between the fifth lumbar and first sacral vertebra, and severe strain on the right ilio lumbar ligament. He alleged that by reason of such injuries he became permanently and totally disabled.

In its First Amended Answer the defendant Insurance Company denied plaintiff's allegations and alleged his disability,

if any, was slight; was due solely to disease; or was due solely or partially to prior accidental injuries.

The jury found that plaintiff was injured as alleged and as a result, sustained total and permanent incapacity. Judgment was entered on the verdict and defendant Insurance Company appeals, contending the Trial Court erred:

1) In refusing to submit defendant's Requested Special Issue J, subdivisions 1, 2 and 3, inquiring as to whether some percentage of any incapacity of plaintiff was due to prior compensable injuries.

2) In refusing to submit defendant's Requested Issue I, inquiring as to whether any incapacity of plaintiff was not due solely to prior compensable injuries.

3) In setting aside the findings of the jury to Issues 15, 16, and 17.

4) In overruling defendant's motion for mistrial on the ground of conflict of findings to Issue 15-A in favor of a lump sum judgment, and Issues 15, 16 and 17 favorable to judgment for accelerated weekly compensation.

5) In rendering judgment for a lump sum instead of providing for weekly payments in accord with jury findings 15, 16, and 17.

6) In permitting plaintiff's counsel to make certain argument to the jury.

7, 8) In not sustaining defendant's plea of limitation and jurisdiction, based on the fact that plaintiff's first pleading stating a cause of action was filed more than 20 days after filing notice of appeal from the award of the Industrial Accident Board.

9) In defining "average weekly wage."

10) In submitting Issue 11 to the jury instead of defendant's Requested Issue L.

11) In submitting Issue 12 to the jury instead of defendant's Requested Issue M.

12) In rendering judgment calculated on a finding of average weekly wages under subdivision 3, section 1, Article 8309 R.C.S., in the absence of a finding that plaintiff or any other employee had not worked "substantially the whole of a year" just prior to the date of injury.

13) In overruling defendant's exception to plaintiff's allegations of "average weekly wage".

14) In submitting Issue 14 to the jury over defendant's objections.

15) In refusing to submit defendant's Requested Issue G, inquiring as to whether plaintiff's incapacity was not due solely to disease.

16) In refusing to give defendant's Requested Issue I, inquiring as to whether any incapacity suffered by plaintiff was not due solely to prior compensable injuries.

17) In submitting Issue 5 over the objections of defendant.

Defendant complains in contentions Nos. 1, 2, 15, and 16 of the Trial Court's failure to submit requested issues inquiring as to whether some percentage of plaintiff's incapacity was due to prior compensable injuries; whether any incapacity of plaintiff was not due solely to prior compensable injuries; whether plaintiff's incapacity was not due solely to disease; and whether any incapacity of plaintiff was not due solely to prior compensable injuries. Contention 14 complains of the submission of Issue 14 to the jury.

Issue 14 reads: "Do you find from a preponderance of the evidence that plaintiff Luther C. Carrell's incapacity, if any, is not due solely to diseases, natural causes, and prior injuries, if any, wholly disassociated from his injury of March 6, 1957, if any? Answer 'It is not due solely to diseases, etc.', or 'It is due solely to diseases, etc.'" Answer: "It is not due solely to diseases."

In the definition of "injury" the court stated that among other damages or harm the term included aggravation of any disease or condition previously existing, etc. The jury found that plaintiff sustained total incapacity beginning with March 6, 1957, and that such total incapacity was permanent.

■ We do not think that the court erred in refusing to submit the requested issues because all matters inquired about are included in Issue 14, supra. We think that Issue 14 (together with the court's definition and instructions) presents a proper issue. See Trinity Universal Ins. Co. v. Jolly, Tex.Civ.App., 307 S.W.2d 843, Writ Ref. NRE.

Further, while there was in evidence the fact that plaintiff, in 1951, had sustained an injury to his collarbone, and another injury to his knee, there was no evidence to connect these old injuries with plaintiff's present incapacity or complaints of a back or disc injury. See: Texas Employers' Ins. Ass'n v. Heuer, Tex.Civ.App., 10 S.W. 2d 756, 759, 11 S.W.2d 566 W/E Dis. The only evidence in the record as to disease was that one of the doctors thought plaintiff had the flu. Flu could in no manner cause a back or disc injury, and in any event the jury's finding on this was adverse to defendant. Moreover, any error conceivably present could not have harmed defendant under the factual situation here presented. Contentions 1, 2, 14, 15, and 16 are overruled.

■ Contentions 3, 4, and 5 complain of the Trial Court's judgment giving plaintiff a lump sum award. Issue 15 found that weekly compensation to be paid to plaintiff will be inadequate to meet his necessities; Issue 15-A found that payment of compensation in weekly installments instead of in a lump sum would work hardship and injustice on plaintiff; Issue 16 found that weekly payments of compensation should be accelerated; Issue 17 found that such weekly payments should be increased $98. The Trial Court disregarded findings 15, 16, and 17, and in its judgment awarded plaintiff compensation in a lump sum in accord with finding 15-A. The jury found that disability was total and permanent. The jury found that hardship and injustice would result unless compensation be paid in a lump sum. We do not think that the Trial Court erred in disregarding findings 15, 16, and 17, and entering judgment on the basis of finding 15-A. Moreover, if such was error, we think it was harmless insofar as defendant is concerned since the amount received is discounted for lump sum settlement. See: Hartford Accident & Indemnity Co. v. Herriage, Tex.Civ. App., 139 S.W.2d 873; Texas State Highway Dept. v. Pritchett, Tex.Civ.App., 283 S.W.2d 796, reversed on other grounds 155 Tex. 383, 287 S.W.2d 938.

■ Further, since the workman coming under the Act is denied his common law rights it is held that the Act should be liberally construed in his favor. Texas Employers' Ins. Ass'n v. Andrews, 130 Tex. 502, 110 S.W.2d 49; Maryland Casualty Co. v. Hendrick Memorial Hospital, 141 Tex. 23, 169 S.W.2d 969; American Mutual Liability Ins. Co. v. Parker, 144 Tex. 453, 191 S.W.2d 844. A liberal interpretation will award him the greatest benefits the nature of his injuries will sustain. Hargrove v. Trinity Universal Ins. Co., 152 Tex. 243, 256 S.W.2d 73. Defendant's contentions 3, 4, and 5, are overruled.

Defendant's 6th contention is levelled at certain jury argument made by plaintiff's counsel. Plaintiff's counsel concluded his opening argument with the following remarks:

"Why, I don't know, but Mr. Barnes knows that. But nobody is dealing with this boy except twelve good jurors, and believe me, Mr. Barnes *respects* you, and he had better *respect* you, because he has got to *respect* you. That's all I have at this time."

Counsel for defendant then, in closing his remarks to the jury, said:

"I want to say to Mr. Tonahill that he said the very thing I wanted him to. He threw a challenge at me, says 'Do you *trust* this jury?' and my answer. is, 'Indeed I do.'"

Counsel for plaintiff then, opening his rebuttal argument, said:

"We are down here now, in Judge Nichols' court, with twelve good ladies and gentlemen on this jury. You will bear in mind what Mr. Barnes said about what I said. What did he say I told you? He said I said, 'Do you *trust* this jury?' That goes to show you how far some people, some typical defense, insurance company lawyers will undertake to distort the truth."

Counsel for defendant objected to the argument "because his argument is in *no single word* supported by this record." The Trial Court had the Court Reporter read back the argument, which bore out that counsel for defendant had misquoted plaintiff's counsel as using the word *trust* instead of *respect;* and the Trial Court overruled the objection.

■ Our Supreme Court has held that before a judgment is reversed because of argument of counsel, two things must appear: 1) The argument is improper, 2) it must be such as to satisfy the reviewing court that it was reasonably calculated to and probably did cause the rendition of an improper judgment in the case. "Probably" is defined in the dictionary as meaning: "in a probable manner." "Probable" is said to mean: "having more evidence for than against; supported by evidence which inclines the mind to believe, but leaves some room for doubt; likely." Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596, 600; Rainey v. McMillian, Tex.Civ.App., 271 S.W.2d 103, W/E Dism'd; Lantex Const. Co. v. Lejsal, Tex.Civ.App., 315 S.W.2d 177, W/E

Ref. NRE; Rules 434 and 503 Texas Rules of Civil Procedure; Lumbermen's Lloyds v. Loper, 153 Tex. 404, 269 S.W.2d 367.

■ Applying the foregoing rules to the argument of counsel, as well as to the record as a whole in this case, we conclude that the argument, if improper, is harmless, and that the jury would in all probability have entered the same verdict that was rendered whatever the argument of counsel. Contention 6 is overruled.

■■ Defendant's 7th and 8th contentions are that the Trial Court should have sustained its pleas of jurisdiction and limitation to the plaintiff's cause of action. Plaintiff filed his original petition within twenty days after filing notice of appeal from the Industrial Accident Board. Plaintiff's First Amended Petition was filed some four months after the notice of appeal. Plaintiff's original petition was very brief and in somewhat skeleton form, but did in our view allege a cause of action. It concluded with a statement that plaintiff reserved the right to amend. Defendant levelled exceptions to plaintiff's original petition, which were by the Trial Court sustained, and in which order sustaining same stated: "and plaintiff is given leave of the court to amend * * *". Plaintiff did thereafter amend and filed his First Amended Original Petition, upon which pleading this case was tried. It is defendant's contention that plaintiff's original petition stated no cause of action and that the First Amended Petition came after the twenty days; and therefore defendant's plea of limitation and jurisdiction should have been sustained. As noted, we think that the original petition stated a cause of action, but in any event the original petition was timely filed, and the amended petition stated a cause of action. Jurisdiction of a court attaches upon the filing of a suit in that court. Once jurisdiction attaches, the court has the power to permit pleadings to be amended and new parties to be made. The case, after amended pleadings have been filed and new parties made, stands

in the court insofar as jurisdictional questions are concerned, precisely upon the same basis as if the original pleading filed had embraced fully the declarations of the last amendment, and had made all who are subsequently made parties to the suit, parties in the first instance. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063; 11 Tex.Jur. p. 787; Conn v. Campbell, 119 Tex. 82, 24 S.W.2d 813; Lancaster v. Lancaster, Tex.Civ.App., 277 S.W.2d 824, affirmed 155 Tex. 528, 291 S.W.2d 303; Shepperd v. Parr, Tex.Civ.App., 287 S.W.2d 204, W/E Ref. NRE. See also: Insurors Indemnity & Ins. Co. v. Brown, Tex.Civ.App., 172 S.W.2d 174, W/E Ref. NRE, and cases therein collated; Arkansas Fuel Oil Co. v. State, 154 Tex. 573, 280 S.W.2d 723. Contentions 7 and 8 are overruled.

Contentions 9, 10, 11, 12, and 13 all relate to "average weekly wage". 9 complains of the Trial Court's definition; 10 and 11 complain of the manner of submission of Issues 11 and 12; 12 complains of the judgment rendered calculated upon findings 11 and 12; and 13 complains of the Trial Court's overruling of certain exceptions levelled at plaintiff's allegations of "average weekly wage". We think that Issues 11 and 12 as well as the court's definition thereof were correct; that findings 11 and 12 are supported by the evidence, and that the Trial Court did not err in overruling the exceptions levelled at plaintiff's allegations of "average weekly wage". Contentions 9, 10, 11, 12, and 13 are overruled.

■ Contention 17 is that the Trial Court erred in submitting to the jury Issue No. 5 over defendant's objections. Issue 5 as submitted by the Trial Court is:

"Find from a preponderance of the evidence the beginning date of such total incapacity, if any, inquired about in the preceding special issue. Answer by giving the month, day, and year." (The jury answered such issue March 6, 1957 (the date on which plaintiff was injured.) )

Defendant contends such issue should have contained the phrase "if any" after the words "beginning date"; and that the manner of submission by the Trial Court constituted a comment upon the weight of the evidence in that it suggested to the jury that there was a beginning date.

■ In Issue 4 the jury had already found that plaintiff sustained total incapacity. Then the court submitted Issue 5 supra, absent the contended for additional "if any". We fail to perceive error. If we be mistaken we think the omission of "if any" in Issue 5, after consideration of all the pleadings and evidence in the case, is not such an error as to require a reversal. We think the error (if such be an error), falls within the holding of Mason v. Yellow Cab & Baggage Co., 153 Tex. 344, 269 S.W.2d 329; Texas Employers Ins. Ass'n v. McKay, 146 Tex. 569, 210 S.W.2d 147; Texas Power & Light Co. v. Hering, 148 Tex. 350, 224 S.W.2d 191, and Cogbill v. Martin, Tex.Civ.App., 308 S.W.2d 269. Such cases hold that although a special issue submitted to a jury may constitute an implied comment or instruction, because of assumption or apparent assumption of facts involved in terms in which it propounds a question (as the omission of "if any", etc.), such issue does not always entail a reversal, since under the circumstances of the particular case, the force of the comment may be so weak that it either is no comment at all or may be said to be harmless. Contention 17 is overruled.

It follows that the judgment of the Trial Court is Affirmed.