ALLEN v. FIRST GUARANTY STATE
BANK OF BEASLEY et al. (No. 8656.)

(Court of Civil Appeals of Texas. Galveston.
Feb. 24, 1925.)

**1. Dismissal and nonsuit ⊗══81(1)—Refusal to
reinstate cause after dismissal held not er-
roneous.**

Court did not err in refusing to reinstate
cause after dismissal, because party institut-
ing suit had died prior thereto, and neither his
heirs nor representatives had been made par-
ties, in view of Vernon's Sayles' Ann. Civ. St.
1914, arts. 1886, 1887, where cause of action
had been transferred by decedent to his son,
and some one in interest of either decedent's
heirs or his son had appeared in cause after
decedent's death.

**2. Costs ⊗══93—Estate held not liable for
costs, where no representative in court when
judgment rendered.**

Estate of party instituting action was not
liable for costs, where party was dead at time
judgment of dismissal was rendered, and no
representative of his estate was then in court.

Appeal from Fort Bend County Court; C.
D. Myers, Judge.

Action by Minnie J. Allen against the
First Guaranty State Bank of Beasley and
others. From order dismissing cause, and
refusing to reinstate, plaintiff appeals. Af-
firmed.

Stevens & Stevens, of Houston, for appel-
lant.

F. X. Joerger, of Rosenberg, and C. H.
Chernosky, of Houston, for appellees.

LANE, J. This suit was brought by C. H.
Allen in the county court of Fort Bend coun-
ty, on the 5th day of August, 1915, against
First Guaranty State Bank of Beasley and
others, praying for judgment in the sum of
$300. The cause was continued generally
and by the parties from term to term until the
21st day of March, 1919, at which time, C. H.
Allen, in manner and form as required by
law, transferred the pending cause of action
to his son, Bates M. Allen. Such transfer
was filed with the papers in said pending
cause. Thereafter the cause was continued,
from term to term, first by one party and
then by the other, until the 14th day of
March, 1924, on which day the court made
the following order:

"On this the 14th day of March, A. D. 1924,
came on for trial, in due and regular order, and
at a regular term of court, the above stated
and numbered cause, and the plaintiff having
heretofore continued the cause from term to
term for a period of nearly nine years with-
out prosecuting the cause to final judgment,
although plaintiff and his attorneys were noti-
fied to prosecute said cause to final judgment,
or that the same would be dismissed, and
plaintiff having failed so to do, and it appear-

ing to the court that said cause should be dis-
missed, and dropped from the docket for want
of prosecution:

"It is therefore ordered, adjudged, and de-
creed by the court that this cause be and the
same is hereby dropped and dismissed from the
docket for want of prosecution at the cost
of plaintiff for which execution will issue."

On the 8th day of March, 1924, the fol-
lowing papers were filed in the county court:

"Now comes Minnie J. Allen, who having
been duly sworn, deposes and says:

"That C. H. Allen, the plaintiff in the above
styled and numbered cause, departed this life
about the 31st day of July, 1923. That no
administration has been taken out in the es-
tate of said C. H. Allen, and that no necessity
exists for administration, and that none will
be applied for.

"That said C. H. Allen left surviving him the
affiant, his wife, and one son, B. M. Allen, who
are the sole surviving heirs and legal repre-
sentatives.

"That it is incumbent upon the said Minnie
J. Allen to prosecute said cause, she being the
survivor of the community estate of herself
and the said C. H. Allen.
                                    "Minnie J. Allen.

"Subscribed and sworn to before me this 8th
day of March, A. D. 1924.
                         "[L. S.] L. D. Brown)

"Notary Public in and for Harris County, Texas.

"The said Minnie J. Allen prays that she be
accordingly substituted as plaintiff in said
cause, and that she be allowed to prosecute
said cause.                  Stevens & Stevens,
              "Attys. for Minnie J. Allen."

The request to have Minnie J. Allen sub-
stituted as plaintiff was, by the court, re-
fused on the 14th day of March, 1924, in the
following words:

"On this 14th day of March, 1924, came on
to be heard the motion of Minnie J. Allen that
she be substituted as plaintiff in the place of
her deceased husband, the plaintiff, C. H. Allen,
as shown by affidavit on file; and the court
having heard said motion and considered said
affidavit on file; and the court having heard
said motion and considered said affidavit finds
that the same is not well taken, for the rea-
son that C. H. Allen, after the institution of
this suit and prior to his death, by written
transfer entered on the docket of this court
and filed herein, assigned and transferred to
B. M. Allen all rights had in said cause of
action.

"It is therefore ordered, adjudged, and de-
creed that the said Minnie J. Allen be refused
permission to be substituted as plaintiff in said
cause in the place of her deceased husband,
C. H. Allen."

Notwithstanding the refusal of the court
to substitute Mrs. Allen as plaintiff, she filed
a motion to reinstate the cause. The court
refused to reinstate the suit, and from the
order dismissing the cause, and the refusal
to reinstate, Mrs. Minnie J. Allen has ap-
pealed.

[1] It is the contention of appellant that the trial judge erred in dismissing the suit and thereafter refusing to reinstate the same on her motion, in that it was shown that C. H. Allen, the husband of the appellant, who instituted the suit, died in July, 1923, about seven months prior to such dismissal, and at the time of such dismissal no legal representative of C. H. Allen's estate, nor appellant, nor Bates M. Allen, the sole heirs of C. H. Allen, had been made a party or parties to the suit. It is provided by article 1886, Vernon's Sayles' Civil Statutes 1914, that where in any suit the plaintiff shall die before verdict, if the cause of action be one which survives, the suit shall not abate by reason of such death, but the executor or administrator may be made party plaintiff to prosecute the suit, and if there be no such legal representative, and no necessity therefor, then the heir of the deceased plaintiff may appear, and upon suggestion of such death being entered of record, in open court, may be made plaintiff in such suit, and the suit shall proceed in his name. And by article 1887 it is provided that if, upon the death mentioned in article 1886, no appearance and suggestion be made at the first term of the court thereafter, it shall be the duty of the clerk of the court, upon application of the defendant, * * * to issue a scire facias for the executor, administrator, or heir of such decedent requiring him to·appear and prosecute such suit.

It is undisputed that C. H. Allen transferred the cause of action to his son, Bates M. Allen, in August, 1919, after it had been pending about four years; that some one in the interest of either C. H. Allen or Bates M. Allen appeared from term to term, and applied for continuances of the cause and for the privilege of filing additional pleadings as late as June 6, 1923; that· C. H. Allen died July 31, 1923; that thereafter, on the 26th day of November, 1923, the cause was set for trial on the 12th day of December, 1923; and that, on said last-named date, the cause was continued by agreement of the parties, thus showing that some one, representing either Mrs. Allen's or Bates Allen's interest, appeared in said cause and invoked the jurisdiction of the court. It is shown that after the death of C. H. Allen, to wit, on the 12th day of December, 1923, the case was set for trial by agreement of the parties for March, 1924, and that, because of a want of prosecution on the day so set, same was dismissed by the court.

Under the facts and circumstances shown, we do not think the court erred in dismissing the cause and in refusing to reinstate the same upon the motion of Mrs. Allen, who it was shown had no right to, or interest in, the cause of action.

[2] There is no merit, we think, in the contention of appellant that the estate of C. H. Allen had an interest in seeing that the costs were not adjudged against him, as it is shown that C. H. Allen was dead at the time judgment was rendered against the "plaintiff." Allen being dead at the time of the rendition of the judgment, such judgment as to costs is void, in that there was no representative of his estate before the court at such time.

For the reasons pointed out, the judgment is affirmed.

Affirmed.