INSURANCE COMPANY OF TEXAS, Appellant,

v.

J. D. DAVIS, Appellee.

No. 15586.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 11, 1955.

Rehearing Denied March 11, 1955.

Nelson, Montgomery, Robertson & Sellers, and Lee Sellers, Wichita Falls, for appellant.

Wilson & Wilson, and L. T. Wilson, Wichita Falls, for appellee.

BOYD, Justice.

This is a Workmen's Compensation case. Upon a jury trial, appellee J. D. Davis was awarded a judgment against appellant Insurance Company of Texas for compensation for fifty per cent permanent disability at the rate of $25 per week for 300 weeks. Appellee alleged that he had contracted to pay his attorneys such fees as the court might allow, not to exceed one-

third of the recovery; and that he was in necessitous circumstances and was entitled to accelerated payments.

Appellant assigns eight points for reversal. Points one and three complain of the action of the court in overruling appellant's exception to the pleading as to the attorneys' fees contract and its objection to reading that part of the petition to the jury. Point two involves the court's overruling appellant's exception to the allegations concerning the acceleration of payments. Points four, five and six relate to the court's action in allowing the allegations as to appellee's financial hardships and need for acceleration of payments to be read to the jury; in allowing evidence to be offered as to his necessitous circumstances; and the court's refusal to grant appellant's motion for a mistrial after appellee had "abandoned" that part of his case seeking accelerated payments.

It is appellant's position that the allegation as to attorney's fees formed no part of appellee's cause of action and was prejudicial; that the allegations as to financial hardships and the need for acceleration of payments were prejudicial in that they tended to enlist the sympathy of the jury for appellee; and that acceleration of payments was a matter of law for the court. Appellant's contention is that since this was not a case involving total and permanent disability, where a lump-sum award might be authorized, the matters complained of were wholly irrelevant and of such prejudicial nature as to require a reversal, citing Texas Employers Ins. Ass'n v. Hatton, 152 Tex. 199, 255 S.W.2d 848, 849, in support of its position.

The Hatton case was a suit for total and permanent disability and the insurance carrier agreed in open court to pay the compensation in a lump sum if total and permanent disability should be found. Over the insurer's objection, the allegations of the injured workman as to his contract with his attorney were read to the jury. The Supreme Court held: "Under no theory was it pertinent to advise the jury that the plaintiff, by reason of the contract made with his attorney, would eventually receive only two-thirds of whatever award might be made." The Court also held that in compensation cases the amount of attorney's fees to be allowed is exclusively for the court and not the jury; but it went on to say: "Respondent, insisting that the action of the (trial) court was proper, cites the case of Employers' Liability Assurance Corporation v. Sims, Tex.Civ.App., 67 S.W.2d 445, error refused; Houston Fire & Casualty Insurance Co. v. Ford, Tex.Civ.App., 241 S.W.2d 158, N.R.E. In both of those cases the issue of lump-sum award was before the jury for decision, and the element of attorney's fees was properly to be considered by the jury on that issue."

In the instant case there was no allegation of total and permanent disability and no prayer for a lump-sum award. But appellee did allege necessitous circumstances which he claimed entitled him to accelerated payments.

Article 8306, sec. 15a, R.C.S., is in part as follows: "Increase of weekly compensation. In any case where compensation is payable weekly at a definite sum and for a definite period, and it appears to the board that the amount of compensation being paid is inadequate to meet the necessities of the employé or beneficiary, the board shall have the power to increase the amount of compensation by correspondingly decreasing the number of weeks for which the same is to be paid allowing discount for present payment at legal rate of interest; * * *."

We think that whether the amount of compensation is "inadequate to meet the necessities" of an employee is a fact question, and in jury trials it must be submitted to the jury. If this be so, the amount to be paid the claimant's attorneys would affect the necessities of his situation no less than in lump-sum cases.

This question was before the court in Hartford Accident & Indemnity Co. v. Herriage, Tex.Civ.App., 139 S.W.2d 873, 874. There it was held that whether the

necessities of the compensation claimant were such as to entitle him to accelerated payments was a question of fact for the jury. After discussing Article 8306, sec. 15, wherein lump-sum settlements are authorized, the court said: "It was no doubt the purpose of the law makers when they enacted Sec. 15a to provide for some similar relief in cases where death or permanent incapacity did not result. Instead of allowing a complete lump sum settlement in such cases, it was provided that in necessitous cases the weekly payments may be increased by correspondingly decreasing the number of weeks for which the same is to be paid. It is evident that they had in mind the same character of relief and their purpose was to provide ameliorating conditions in cases where necessitous circumstances were shown and the amount of compensation provided by the law should be inadequate to meet the necessities of the employee or beneficiary."

It was contended by the insurer in the Herriage case, as in the instant case, that sec. 15a applies only in cases where the compensation has already been fixed either by the board or by the court upon a trial de novo. This contention was there rejected, the court saying that while the language, " 'amount of compensation being paid' ", standing alone, might lend plausibility to the contention, the compensation law must be construed as a whole, and that it should receive a broad and liberal construction so as to effectuate its intent and purpose. Indeed, it now seems to be the settled rule that the Workmen's Compensation law will be construed liberally in favor of the compensation claimant. American Motorists Ins. Co. v. Steel, Tex.Civ. App., 229 S.W.2d 386.

For the reasons indicated, we conclude that appellee had a right to allege and try to prove that his situation was such as to entitle him to accelerated payments.

Point six involves the further proposition that even if the allegations and evidence complained of were proper so long as the issue of accelerated payments was in the case, when that issue was not requested and was not submitted to the jury, appellant was entitled to a mistrial, since the only effect of such allegations and evidence was to enlist the sympathy of the jury for appellee. If it was proper for appellee to try to establish that his financial situation was such as to entitle him to an acceleration of payments, his failure to go to the jury on that issue, for whatever reason, would not, in our opinion, infect the allegations and evidence, otherwise proper and competent, with an irremovable taint. It would seem that the most appellant was entitled to was an instruction to the jury to disregard such allegations and evidence.

By its seventh point appellant says that the court erred in granting judgment based on a wage rate of $85.00 per week. Appellee alleged that at the time of his injury he had worked for his employer about three weeks and that his rate of pay averaged "around $75 per week;" and that for three years before his last employment he had worked for Taylor Auto Collision for a wage of "around $85 per week." He then alleged that the average weekly wage of other employees of the same class in the same or neighboring places averaged $85 to $100 per week. Finally, he alleged that a fair and just weekly wage rate would be $85.

Appellant introduced in evidence a request for admissions made by appellee, as follows: "That Plaintiff had worked substantially the whole of the year immediately preceding the date of his claimed injury for his said employer for an average weekly wage of $75 per week." It is appellant's position that having requested appellant to admit that appellee had worked substantially the whole of the preceding year for his said employer for a wage of $75 per week, appellee was foreclosed from asserting any other wage rate. We are unable to agree with this contention. There was no suggestion during the trial that appellee was confined to a $75 wage rate, or that appellant was lulled into foregoing the preparation of its case on the wage rate issue. No objection was made to the wage rate issue

submitted to the jury on the ground that appellee was limited to a rate of $75 per week. The first complaint was in appellant's amended motion for new trial. There being no objection to the pleading or the evidence or the wage rate issue submitted to the jury, involving the point as complained of here, and the evidence supporting the wage rate found by the jury, we think the court did not err in basing its judgment on the wage rate found by the jury.

■ The last point is that the court erred in submitting Issues Nos. 2, 3, and 4 "so as to require an answer by the jury thereto." No. 1 inquired as to whether appellee, on or about August 4, 1953, sustained an injury while working for Elie Lam Motor Company; No. 2 was, "Do you find from a preponderance of the evidence that such injury, if any, was accidental?" No. 3 was, "Do you find from a preponderance of the evidence that the injury, if any, that the Plaintiff, J. D. Davis, sustained on or about the 4th day of August, 1953, was received in the course of his employment with Elie Lam Motor Company?" No. 4 was, "Do you find from a preponderance of the evidence that the injury, if any, sustained by the Plaintiff, J. D. Davis, on or about the 4th day of August, 1953, that is, the injury, if any, inquired about in Special Issue No. 1, resulted in any partial incapacity to labor?"

Appellant objected to No. 2 on the ground that it compelled the jury to answer as to an injury sustained by appellee when that was a disputed fact; it objected to No. 3 on the ground that it compelled the jury to answer whether an injury received by him was received in the course of his employment, when it was disputed as to whether appellee received any injury. The objection to No. 4 was that it assumed appellee had received an injury, which was a disputed fact, and that the issue was a comment on the weight of the evidence. Neither issue was accompanied by an instruction that it should be answered only in the event No. 1 was answered "Yes."

We think it was unnecessary to submit Nos. 2 and 3. If appellee sustained an injury at the time he alleged that he did, it was undisputed that it was accidental and was sustained in the course of his employment. No. 4 was, of course, a material issue. A somewhat similar situation was before our Supreme Court in Texas Employers Ins. Ass'n v. McKay, 146 Tex. 569, 210 S.W.2d 147, 148. The issue complained of there as assuming an injury, the existence of which was disputed, was: " 'Do you find from a preponderance of the evidence, that any incapacity or loss of use of plaintiff's hands, if any, is due solely to disease that is not traceable to the injury sustained by him on July 20, 1945?' " The Court said: "Now, considering the charge as a whole, we note: first, rather elaborate preliminary admonition to the jury that it shall answer the issues upon the general instructions and the evidence and not otherwise; second, full definitions by the court by which the jury is to be guided in its determination of the issue of injury and the other issues submitted; third, Special Issue No. 1(a) enquiring whether claimant sustained injury to his right hand; fourth, Special Issue No. 10(a), enquiring whether claimant sustained injury to his left hand; fifth, the impressive fact that the words, 'injury, *if any*', (italics ours) occur no less than fourteen separate times in twelve separate issues subsequent to No. 1(a) and prior to the offending Issue No. 19. These words, 'injury, if any', occur seven times between No. 1(a) and No. 10(a) and seven times between No. 10(a) and the offending No. 19. In other words the trial judge painstakingly followed 'injury' with 'if any' fourteen times before he got to Special Issue No. 19. Sixth, in that issue the question of injury vel non is at most rather remotely suggested. Texas Emp. Ins. Ass'n v. Clack, Tex.Civ.App., 112 S.W.2d 526, 529, affirmed 134 Tex. 151, 132 S.W.2d 399; 18 T.L.R. 365, 374." It was held that the matters complained of were not reasonably calculated to cause the rendition of an improper judgment. See Casualty Reciprocal Exchange v. Stephens, Tex.Com.App., 45 S.W.2d 143;

Texas Employers' Ins. Ass'n v. Beckworth, Tex.Civ.App., 42 S.W.2d 827; Hamon v. Sanderford, Tex.Civ.App., 28 S.W.2d 861; Rule 434, Texas Rules of Civil Procedure.

In the instant case, the court told the jury that they were the exclusive judges of the facts proved, the credibility of the witnesses, and the weight to be given their testimony; that they should answer the issues from the evidence heard in the trial, and as they found the facts to be. There were seventeen issues, and the court used the expression, "injury, if any," nine times; indeed, "if any" followed the word "injury" every time it was used in the charge after the first issue. In this respect, the challenged issues would seem to be more favorable to the insurer than the questioned issue in Texas Employers Ins. Ass'n v. McKay, supra. Under the authorities cited, this point is overruled.

Finding no reversible error in the record, the judgment is affirmed.