**COUNTY OF DALLAS, Relator,**

v.

**Dan GIBBS, Judge et al., Respondents.**

No. B–5221.

Supreme Court of Texas.

July 7, 1975.

Henry Wade, Dist. Atty., Edward R. Blackstone, Asst. Dist. Atty., Dallas, for relator.

Russell M. Manning, Lindsey Enderby, Dallas, for respondents.

STEAKLEY, Justice.

The County of Dallas seeks relief by this Original Mandamus Proceeding from an order by Honorable Dan Gibbs directing payment from the funds of Dallas County of Guardian Ad Litem fees assessed as costs in domestic relations causes in which the County was not a party. We hold that the order is without statutory authority and direct that it be vacated.

The background facts are these. It appears that on February 15, 1974, Mr. and Mrs. Frank Fowler filed suit in the Domestic Relations Court No. Three of Dallas County, Honorable Dan Gibbs presiding, to gain reasonable visitation rights to their grandchildren, Francis Marion Fowler, III and Travis Lynn Fowler, by the former marriage of their son, Francis Marion Fowler, Jr. The trial court appointed Russell Manning, a local attorney, as Guardian Ad Litem to represent the interests of the children. Less than a month later, Kay Francis Thomas, the mother of the children, sued in the Juvenile Court of Dallas County to terminate the parent-child relationship then existing between the children and Francis Marion Fowler, Jr., her former husband. The Juvenile Court appointed Lindsey Enderby, also a local attorney, as Guardian Ad Litem for the children in this proceeding. Both attorneys performed investigative and study functions for the Courts. Later, the two cases were consolidated under the docket number of the original suit.

On November 20, 1974, Judge Tate McCain, sitting for Judge Gibbs, denied the request for termination of the parent-child relationship; authorized visitation rights for the grandparents and their son; directed that the Guardians Ad Litem, Manning and Enderby, be paid attorney's fees of $750.00 and $1,000.00, respectively, for their services; and ordered that one-third of the costs be paid, respectively, by Kay Francis Thomas, Francis Marion Fowler, Jr., and Frank Fowler, Sr. On December 18, 1974, Judge Gibbs entered an order styled "Order Authorizing Payment of Guardian Ad Litems" that directed payment of the ad litem fees "from the funds of Dallas County." This is the order under attack here.

Costs are not taxable against one not a party to the suit. 20 Am.Jur.2d, Costs § 26; 20 C.J.S. Costs § 120; and see *Allen v. First Guaranty State Bank,* 269 S.W. 1073 (Tex.Civ.App.1925, no writ). Respondents urge, however, that statutory authority to charge the County with the Guardian Ad Litem costs in question may be found in the following provisions of the Vernon's Tex. Family Code Ann. §§ 11.10(a), (c), 11.12(c) and 11.18(a):

§ 11.10. Guardian Ad Litem

(a) In any suit in which termination of the parent-child relationship is sought, the court shall appoint a guardian ad litem to represent the interests of the child, unless the child is a petitioner. In any other suit under this subtitle, the court may appoint a guardian ad litem. The managing conservator may be appointed guardian ad litem if he is not a parent of the child or a person petitioning for adoption of the child and if he has no personal interest in the suit.

\* \* \* \* \* \*

(c) The court may appoint an attorney to represent the interests of a minor child in any suit under this subtitle in which a guardian ad litem has not been appointed.

§ 11.12. Social Study

\* \* \* \* \* \*

(c) The social study may be made by any state agency, including the State Department of Public Welfare, or any private agency, or any person appointed by the court. If an authorized agency is the managing conservator, the social study shall be made by the authorized agency. The social study shall be made according to criteria established by the court.

§ 11.18. Costs

(a) In any proceeding under this subtitle, the court may award costs as in other civil cases. Reasonable attorney's fees may be taxed as costs, and may be ordered paid directly to the attorney, who may enforce the order for fees in his own name.

Ad litem fees are generally taxed as costs and Sec. 11.18 does no more than authorize the award of costs as in other civil cases. While it very well may be that the judicial process was served by the investigations and studies of Messrs. Manning and Enderby, the language of the statutes may not be extended to authorize the assessment of their ad litem fees against the County of Dallas. The order of Judge McCain in adjudging the costs to the parties, including the ad litem fees in question, was therefore in order. The subsequent order of Judge Gibbs directing payment of the ad litem fees from the funds of Dallas County, neither an actual nor a nominal party, was unauthorized. Cf. Tex.Family Code Ann. § 51.10(i) where it is expressly provided that an attorney who is appointed to represent the interests of a child in a delinquency proceeding shall be paid from the general fund of the county in which the proceedings were instituted.

We assume that Judge Gibbs will vacate the order; otherwise the writ of mandamus will issue.