**Harold Ray McPHERSON, Appellant,**

v.

**Vonda Faye McPHERSON, Appellee.**

No. 18530.

Court of Appeals of Texas,
Fort Worth.

Dec. 31, 1981.

O'Neal & O'Shaughnessy, and Jerry D. O'Neal, Weatherford, for appellant.

Jerry Buckner, Weatherford, for appellee.

Before MASSEY, C.J., and SPURLOCK and HOLMAN, JJ.

OPINION

SPURLOCK, Justice.

Harold Ray McPherson (hereinafter referred to as father) appeals from a modification of child custody order which changed managing conservatorship of nine-year-old Sharla to him, but left managing conservatorship of twelve-year-old Sharon with Vonda Faye McPherson, the mother. Prior to the signing of the judgment, Sharla died. Father is appealing the judgment as to Sharon.

We reverse and remand for a new trial.

Appellee filed no brief so we may accept as true the facts stated in appellant's brief. Tex.R.Civ.P. 419.

The parties were divorced on March 8, 1977. Managing conservatorship of the children, Sharon and·Sharla, was awarded to the mother. Father was ordered to pay child support. Visitation rights were not provided for, but were subsequently established by order on January 26, 1979. On May 19, 1980, father filed a motion for temporary custody and a motion for change of custody, requesting immediate custody of the children. Mother answered and filed a motion to increase support.

This case was tried to the court on June 11, 1980. At the conclusion of the testimony, the trial judge informed the attorneys for both parties that he was going to order that social studies and psychological evaluations be prepared by the Department of Human Resources (hereinafter referred to as DHR) and Pecan Valley Mental Health and Mental Retardation, respectively, with the father ordered to pay the costs of conducting the psychological evaluations. The judge requested father's attorney to prepare the order, noting that it was he who filed the original motion to have the DHR prepare the social studies. This order was not included in the clerk's file and apparently was lost or misplaced. A subsequent order for social study was prepared on July 25, 1980, when father's attorney discovered that the DHR was not conducting any in-

vestigation though contacted several times. (They advised that they would not start an investigation without a court order.) Ultimately, reports of these agencies were mailed directly to the trial judge and not filed with the clerk, so the date of their delivery is not determinable from the record, though it was in late September or early October, 1980. No notice or copies thereof was forwarded to either party or their attorneys.

The court refused to make available to either parties' attorneys copies of their clients' evaluations without release from all parties. On October 10, 1980, mother's attorney filed a motion for copies of the social study, which motion included a request for copies of the social studies and psychological evaluations, and a motion to exclude the reports being considered as evidence by the trial judge without the reports being introduced into evidence and the preparers being subjected to examination. This motion was ignored by the court and not ruled upon. The judgment reflects that the social studies and and psychological evaluations were considered by the trial judge in arriving at his decision.

Father appeals, assigning twenty points of error. He contends, among other things, that the trial court erred in considering the social studies and psychological evaluations without such reports being introduced into evidence and without allowing both parties the right to cross-examine the preparers of the reports.

It is not necessary for us to pass upon the other points of error asserted which include no evidence and insufficient evidence points, because a new trial must be ordered due to the circumstances, i.e. because the court's judgment was based upon consideration of reports and studies not admitted into evidence.

■ The provisions of the Texas Family Code make it mandatory that parties have the opportunity to examine and cross-examine any person making an investigation, report, or study which is considered by the court in a suit affecting the parent-child relationship. Section 11.14 provides in part as follows:

"Sec. 11.14. Hearing

(a) Except as otherwise provided in this subtitle, proceedings shall be as in civil cases generally.

\* \* \* \* \* \*

(c) The court may compel the attendance of witnesses ... including a representative of the agency making the social study, who may be compelled to testify.

\* \* \* \* \* \*

(e) The rules of evidence apply as in other civil cases.

(f) When information contained in a report, study, or examination is before the court, the person making the report, study, or examination is subject to both direct examination and cross-examination as in civil cases generally. . . ."

The Texarkana Court stated in *Kates v. Smith*, 556 S.W.2d 630, 632 (Tex.Civ.App.—Texarkana 1977, no writ):

"To deny a party the opportunity to examine or cross-examine the author of such a report deprives that party of a valuable right to deny, contradict or overcome by other evidence the matters contained in the report. Even if it can be said in such a case that the court's decision would have been the same without considering the report, the aggrieved party still has been deprived of information possibly valuable to him and has been denied the opportunity to properly present his case both in the trial court and in the appellate court. See Rule 434, Tex.R.Civ.P."

In *Magallon v. State*, 523 S.W.2d 477 (Tex.Civ.App.—Houston [1st] 1975, no writ), the court held that a social study although a part of the record in the case is not evidence upon which the court's findings may be based unless such report is properly admitted into evidence.

■ We hold in this case the social studies and psychological evaluations ordered by the court were not evidence upon which

the court could base its decision without such first being admitted into evidence and both subjected to both direct examination and cross-examination of both parties as mandated by the Texas Family Code. Consequently, the judgment of the trial court must be reversed and the cause remanded.

Judgment is reversed and the cause remanded.