

# THE ATTORNEY GENERAL
## OF TEXAS

May 16, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable John Vance
Criminal District Attorney
Services Building, Suite 202
Dallas, Texas    75202

Opinion No.   JM-1045

Re:  Whether a district court may direct that payment of costs and expenses in a child welfare case under section 11.11 of the Family Code be made from a county's general fund, and related questions (RQ-1499)

Dear Mr. Vance:

You ask whether, under section 11.11 of the Family Code a district court may order payment of costs and expenses against the general fund of a county, if such costs and expenses are for the safety and welfare of a child (e.g. for psychological evaluations and therapy).

You explain that in several cases a family law district court, on its own motion, appointed the Dallas County Child Welfare Unit of the Texas Department of Human Services to be managing conservator of children whose parents had filed for a divorce.  The court also appointed a psychologist to perform psychological testing and counseling on the children and ordered that the psychologist be paid out of the Dallas County General Fund.  When the county auditor declined to pay the bills, the court held hearings, found the parents to be indigent, and again ordered that the psychologist's bills be paid out of the general fund.

Section 11.12 of the Family Code authorizes a court to order the preparation of a social study in any case affecting the parent-child relationship.  We understand from our reading of <u>McPherson v. McPherson</u>, 626 S.W.2d 349 (Tex. App. - Fort Worth 1981, no writ), that the term "social study" may include psychological evaluation.  In Attorney General Opinion H-362 (1974), this office determined that fees for the performance of social studies are assessable as court costs.  That opinion is consistent with section 11.18(c) of the Family Code which requires that when the

Department of Human Services performs a social study, the fee for the study shall be taxed as costs.

Section 11.18(a) authorizes the court to award costs, and the award of costs lies within the discretion of the trial court. See Reames v. Reames, 604 S.W.2d 335 (Civ. App. - Dallas 1980, no writ). Generally, costs are not taxable against one not a party to a suit. In County of Dallas v. Gibbs, 525 S.W.2d 500 (Tex. 1975), the Texas Supreme Court found that Dallas County had improperly been ordered to pay ad litem fees. The court said that inasmuch as the county was "neither an actual nor a nominal party," it could not be held liable for costs. Id. at 501. However, that case is readily distinguishable from those under consideration here, because there was no indication of indigency in that case. In these cases, the finding of indigency and the appointment of the Dallas County Child Welfare Unit as managing conservator give the county an interest in the suit.

The effect of the filing of an affidavit of inability to pay or, in these cases, a court finding of inability to pay, is to relieve parties of the obligation to pay the costs of court. See generally Tex. R. Civ. Proc. 145. The result of that relief is that the county pays the costs of court.

Section 11.10(e) of the Family Code requires in cases regarding the termination of the parent-child relationship that an attorney appointed to represent indigent children or parents be paid out of the general funds of the county. This situation is sufficiently similar to the appointment of attorneys ad litem and payment of ad litem fees to warrant payment of the costs out of the county's general fund.

The judge might have more appropriately ordered the studies to be done by the Department of Human Services[1] or ordered the costs payable out of the Child Welfare Fund (if Dallas County has one). We believe nevertheless that he acted within his authority, and the psychologist's fees

---

1. We note that when the Department "is not a party or has no interest, the court shall appoint a private agency or person to conduct the social study." (Emphasis added.) Fam. Code § 11.12(b) as amended by Acts 1987, 70th Leg., ch. 1052, § 6.01, at 3571.

should be paid out  of the county's  general fund in  accordance with the court order.

Having settled  your primary  question, we  can now  go on to answer  your  supplemental questions,  which  read  as follows:

> Is it necessary to find parents, or  other parties to a suit affecting the  parent-child relationship, to be indigent or unable to pay costs under Section 11.10 of the Texas Family Code  or  other  applicable  statutes  before payment may  be ordered  out of  the  general fund of the county?

> Is it necessary that a child welfare  unit of the Texas Department of Human Services  be made a conservator prior to entry of an order that the county pay costs out of the  general fund?

A determination  of indigency  must  be made  prior  to payment of costs  out of a  county's general fund.   Section 11.10(a) expressly provides  that when  a court  "determines that the parties or litigants  are able to defray the  costs of the  ad  litem's  compensation . . . such  costs  may  be ordered paid by either or both parties."  Subdivision (e) of that section provides for the  payment of such costs out  of the general  fund  only if  indigency  is shown.   As  noted above, the general rule  for all civil  cases is that  litigants, if  they  are not  indigent,  pay costs.   County  of Dallas v. Gibbs, supra; Tex. R. Civ. Proc. 125.

In answer to your third  and final question, it is  not necessary that a county  child welfare unit  be made a  conservator prior to an order that the county pay costs out  of the general fund.  Conservatorship and payment of costs  are two separate  issues;  indigency  is the  primary  issue  in regard to the payment of  costs.  We can certainly  envision an instance where a judge  would order a social study  prior to the  appointment of  conservators to  help determine  the best interests of a child of indigent parents, in which case the parents would not be liable  for the cost of the  social study or any other court costs.

## S U M M A R Y

A family law district judge may order a county to pay the cost of psychological testing and counseling of children who are the subject of divorce where the parents are found to be indigent. It is necessary to have a determination of indigency prior to payment of costs out of a county's general fund. It is not necessary that a county child welfare unit be made a conservator prior to an order that the county pay costs out of the general fund.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General