**E.W. NEWMAN, Appellant,**

v.

**Scott R. LINK, Appellee.**

**No. C14–92–01062–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 10, 1993.

Rehearing Denied Dec. 9, 1993.

722

Herbert Finkelstein, Houston, E.W. Newman, Houston, for appellant.

John Milutin, Sugarland, Joan M. Denton, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

ROBERTSON, Justice.

E.W. Newman appeals from a judgment awarding appellee, Scott R. Link, $50,950.26 in actual damages and $150,000.00 in exemplary damages. Appellant raises twenty-five points of error. We affirm.

Appellant is an attorney who represented the father of a child injured in an accident. During the course of this case, the trial court appointed appellee as guardian ad litem for the child. The parties eventually reached a settlement agreement. At the hearing to approve the settlement, the court awarded appellee a fee of $38,080.00 of which the defendant was to pay $20,000.00 and the plaintiff's attorney, appellant, was to pay $18,080.00. The trial court later amended this judgment, providing that the ad litem fee was to be paid as follows:

a. $20,000.00 by Defendants Houston Coca Cola Bottling Company and Mark Hyland.

b. $18,080.00 directly from Plaintiff's attorneys' fees by reason of the following good cause:

(i) at the time of the appointment of the ad litem, this case was on the verge of being dismissed for want of prosecution;

(ii) it was predominantly through the efforts of the ad litem that the case was vigorously prosecuted and successfully resolved on behalf of Plaintiffs;

(iii) that as a result of the ad litem's efforts, he was forced to expend an inordinate amount of time performing duties which are normally performed by the attorney for plaintiffs in the usual course of the prosecution of the lawsuit;

(iv) it is the opinion of this court that it would be manifestly unjust to require the defendants to bare [sic] the costs of the attorney's fees for the defense and prosecution of this lawsuit.

Appellant did not object at the hearing and did not appeal from this judgment. Appellant also never paid appellee the $18,080.00 from the $103,000.00 fee he deducted from the lump sum received by the plaintiff. Appellee moved for a judgment nunc pro tunc which provided for execution. Appellant received a copy of this motion and notice of the hearing. Although he did not appear, appellant filed a motion for leave to file a petition for writ of prohibition in this court requesting an order prohibiting the trial judge from holding a hearing on the motion. Appellant also asked this court to prohibit appellee from filing any writ to obtain satisfaction of the judgment. A panel of this court denied appellant's motion on December 6, 1990.

In February 1991, appellant filed suit in Montgomery County against appellee. The court granted appellee's motion to transfer venue and appellant took a non-suit. On April 30, 1991, appellant re-filed the lawsuit in Harris County. Appellant first sought a temporary restraining order and temporary injunction, which the trial court denied. Appellant then appealed the denial to this court. A panel of this court upheld the denial of the injunction finding no evidence of a probable right to recover or of a probable injury. Furthermore, the court found that appellant had an adequate remedy, but chose not to appeal the trial court's order.

Appellant then filed a second amended original petition seeking a declaration that the judgment was null and void as to him and seeking actual and exemplary damages. Appellee filed an answer claiming that appellant was estopped to deny the validity of the judgment and that appellant had waived any right to complain about the judgment. Appellee also raised the affirmative defense of

fraud. Appellee filed a second amended counterclaim alleging conversion, unjust enrichment, actual and constructive fraud, breach of contract, quantum meruit, and constructive trust.

The case proceeded to trial. Appellee moved for instructed verdict after appellant rested, but the trial court denied it. After appellee rested his case, he re-urged his motion for instructed verdict in which he had claimed that appellant had presented no evidence justifying an award of damages against appellee and no evidence justifying entry of an injunction. The trial court granted this motion stating that the trial court had the right to create a trust and to order how the minor's funds would be disbursed. The trial court then re-aligned the parties and submitted only three questions regarding damages. In response to these questions, the jury awarded appellee $25,000.00 in damages for mental anguish. The jury also found that appellant had acted with malice in retaining the $18,080.00 and thus, they awarded appellee $150,000.00 in exemplary damages.

■ In his first point of error, appellant contends that the judgment assessing costs against him was null and void because he was the attorney for plaintiffs and not a party. Appellant also argues that the assessment of costs against an attorney is statutorily prohibited by TEX.CIV.PRAC. & REM.CODE ANN. § 7.011 (Vernon 1986).

We turn first to appellant's argument that the Bennett judgment is void because the trial court's ruling was statutorily prohibited. Section 7.011 provides:

> An attorney who is not a party to a civil proceeding is not liable for payment of costs incurred by a party to the proceeding.

TEX.CIV.PRAC. & REM.CODE ANN. § 7.011 (Vernon 1986).

Appellee contends that Rule 141 allows the trial court discretion to adjudge costs other than as provided in § 7.011. Rule 141 provides:

> The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules.

TEX.R.CIV.P. 141. In the instant case, the trial court asserted good cause in the judgment for assessing part of appellee's attorney's fees from the fees to be paid appellant. We agree with appellee that Rule 141 authorized the trial court under the facts of this case to assess part of the ad litem's fees out of the plaintiff's attorney's fees despite the § 7.011 prohibition.

■ Appellant also argues that the Bennett judgment is void as to him because he was not a party to the suit. In support of this proposition, appellant cites a number of cases that are not on point because they do not regard the issue of whether a judgment awarding attorney's fees is void.[1] We believe

1. Appellant cites a number of cases involving judgments against persons or entities who were not parties. *Mapco Inc. v. Carter*, 817 S.W.2d 686 (Tex.1991) (trial court entered owelty award against parent company which was not a party and appellate court reversed finding that parent company was not a party to the suit); *County of Dallas v. Gibbs*, 525 S.W.2d 500 (Tex.1975) (orig. proceeding) (trial court assessed ad litem fees against county which was not involved in suit and supreme court ruled that trial court had no statutory authority to assess costs against a nonparty); *Patrick v. Patrick*, 728 S.W.2d 864 (Tex. App.—Fort Worth 1987, writ ref'd n.r.e.) (trial court entered judgment as it ordered payment of part of husband's disability payments by the Department of the Air Force to wife and appellate court reformed the judgment eliminating this payment because the Air Force was not a party who had been served or who had appeared in the proceeding); *Murphy v. Cain*, 711 S.W.2d 302 (Tex.App.—Dallas 1986, no writ) (attorney appealed trial court finding that attorney was liable for court reporter's services under oral contract and appellate court held that § 7.011 did preclude attorney's liability under an express oral contract with third partys); *Fuqua v. Taylor*, 683 S.W.2d 735 (Tex.App.—Dallas 1984, writ ref'd n.r.e.) (trial court entered judgment imposing a constructive trust for the benefit of all working interest owners in a lease regardless of whether they were parties to the action and appellate court modified this to include only those working interest owners who were parties to the suit); *Cozad v. Roman*, 570 S.W.2d 558 (Tex.Civ.App.—Corpus Christi 1978, no writ) (daughter of contracting party filed suit to rescind contract and court held that daughter did not have standing to sue); *Glass v. Carpenter*, 330 S.W.2d 530 (Tex. Civ.App.—San Antonio 1959, writ ref'd n.r.e.) (trustees brought suit to declare an assignment null and void and trial court held that the trustees had no justiciable interest and thus, no standing because the assignment did not involve or convey anything belonging to the trustees or oth-

that the cases cited by appellee are on point and persuasive.

In *Akin v. Akin*, 276 S.W.2d 323, 326 (Tex.Civ.App.—Austin 1955, writ dism'd), the court held that the attorneys representing the Akins were parties to the suit. The court noted that the attorneys "were named in the pleadings, their employment alleged and a recovery specifically prayed for in their behalf." *Id.* The court also found the attorneys to be parties under the following rule:

> The courts look beyond the nominal parties, and treat all those whose interests are involved in the litigation and who conduct and control the action or defense as real parties, and hold them concluded by any judgment which may be rendered.... In other words, by participating in the proceedings one is estopped by the judgment as to any questions actually litigated and decided therein.

*Id.* The *Akin* court further held that this rule applied to attorneys regarding their fees. *Id.* The *Akin* court quotes from *Roberts v. Roberts*, 144 Tex. 603, 192 S.W.2d 774, 777–78 (1946), which held that a judgment awarding attorney fees was fully binding on the attorneys as if they had been parties to the suit.

■ Based on *Akin* and *Roberts*, we hold that appellant was bound by the Bennett judgment as if he were a party to the suit. Therefore, appellant's remedy for challenging the judgment was to appeal. A judgment is not subject to collateral attack in another court of equal jurisdiction unless the judgment is void. *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985). Because we have found the Bennett judgment is not void, appellant's causes of action constitute an impermissible collateral attack. We find no error in the trial court's grant of an instructed verdict to appellee on appellant's claims. We overrule point of error one.

■ In points of error three and four, appellant claims the trial court erred in holding that appellant's failure to pay the $18,080.00 was, as a matter of law, a breach of a constructive trust. Appellee, as counterplaintiff, moved for an instructed verdict that, as a matter of law, a constructive trust arose in favor of appellee as to the $18,080.00 fee. The trial court granted this motion.

An instructed verdict is proper:

> (1) when a defect in the opponent's pleadings makes them insufficient to support a judgment; (2) when the evidence conclusively proves a fact that establishes a party's right to judgment as a matter of law; or (3) when the evidence offered on a cause of action is insufficient to raise an issue of fact.

*Anderson v. Vinson Exploration, Inc.*, 832 S.W.2d 657, 661 (Tex.App.—El Paso 1992, writ denied). In reviewing a grant of instructed verdict, we must determine whether there is any evidence of probative force to raise fact issues on the material questions presented. *Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex.1978). We must consider all of the evidence in a light most favorable to the party against whom the verdict was instructed, disregarding all contrary evidence and inferences. *White v. Southwestern Bell Tel. Co.*, 651 S.W.2d 260, 262 (Tex.1983).

■ The equitable remedy of constructive trust is broad and flexible. *First Nat'l Bank v. Bauert*, 622 S.W.2d 464, 466 (Tex. App.—Amarillo 1981, no writ) "It is imposed by law because the person holding the title to property would profit by a wrong or would be unjustly enriched if he were permitted to keep the property." *Omohundro v. Matthews*, 161 Tex. 367, 341 S.W.2d 401, 405 (1960). To justify imposing a constructive trust on property, actual or constructive fraud must be present. *Hudspeth v. Stoker*, 644 S.W.2d 92, 94 (Tex.App.—San Antonio 1982, writ ref'd).

■ Appellee's motion for instructed verdict included only the ground of constructive trust; however, constructive trust is a remedy imposed when there is a finding of fraud. *See id.* Appellee's motion did not state upon which liability grounds it was based. Although Rule 268 requires a motion for in-

er beneficiaries); *Gibson v. Richter*, 97 S.W.2d 351 (Tex.Civ.App.—San Antonio 1936, no writ) (attorney attempted to appeal judgment that failed to assess attorney's fees and court held that he was not a party permitted to appeal).

structed verdict to state specific grounds, the failure to so state is not fatal if there are no fact issues raised by the evidence. *Texas Employers Ins. Ass'n v. Page*, 553 S.W.2d 98, 102 (Tex.1977). Our determination of whether any fact issues exist also resolves appellant's points of error five through fourteen in which appellant challenges the sufficiency of the evidence supporting recovery on appellee's other grounds of recovery, which included conversion, constructive fraud, and unjust enrichment.

Conversion consists of the wrongful exercise of dominion or control over another's property in denial of or inconsistent with the other's rights in that property. *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 446 (Tex.1971). An action for conversion of money will lie where the money is "(1) delivered for safe keeping; (2) intended to be kept segregated; (3) substantially in the form in which it is received or an intact fund; and (4) not the subject of a title claim by the keeper." *Edlund v. Bounds*, 842 S.W.2d 719, 727 (Tex.App.—Dallas 1992, writ denied). Constructive fraud is the breach of some legal or equitable duty which, irrespective of moral guilt, the law decrees fraudulent because of its tendency to deceive others, to violate confidence or to injure public interests. *Castleberry v. Branscum*, 721 S.W.2d 270, 273 (Tex.1986).

The evidence in this case showed that appellant received the lump sum settlement check of $150,000.00 from Coca–Cola Bottling Company. This check designated the parents of the minor child and appellant as co-payees. Appellant cashed this check and deducted his attorney fee of $103,000.00. Appellant did not pay appellee the $18,080.00 from this $103,000.00. His testimony was unequivocal that the judge approving the minor's settlement made it clear to him that he was to pay a portion of the ad litem fee, that he had not done so, and that he did not intend to do so. We find that this evidence meets the elements of conversion of money because, rather than segregating the sum owed to appellee from the total paid to appellant, as decreed in the judgment, appellant cashed the check and deposited the portion to which he was entitled for his attorney's

fees and that to which he had been ordered to pay appellee. This conclusively proved conversion, constructive fraud and resulted in unjust enrichment. Thus, we overrule points of error three, four, and five through fourteen.

In point of error two, appellant claims that appellee's failure to submit issues to the jury on any of the grounds of recovery pleaded constituted a waiver of such grounds. In argument under the point, appellant acknowledges that if the evidence establishes the ground of recovery as a matter of law, there is no necessity to submit the issue to the jury. As we have stated above, the finding, as a matter of law, of a constructive trust, included a finding, as a matter of law, of conversion and constructive fraud. We overrule point of error two.

In points of error fifteen, sixteen and twenty-four, appellant contends, respectively, that failure to pay the "costs" could not be made the basis of an independent action for damages; that mental anguish is not a proper element of damages "for appellant's refusal to pay the court costs assessed against him", and that refusal to pay the court costs cannot be a basis for exemplary damages. The basis for all three points is that the judgment ordering him to pay a portion of the ad litem fees "simply create[d] a debt" and that "failure to pay a debt is not a tort, giving rise to liability for damages." If these were the facts, we would agree with appellant. However, as we have pointed out above, the evidence conclusively proved that appellant fraudulently converted to his own use funds which had been entrusted to his care. This was a tort. Since conversion was conclusively proven, appellant was liable for all resulting damages, both actual and exemplary. *See Security State Bank v. Valley Wind Elec. Supply Co.*, 752 S.W.2d 661 (Tex. App.—Corpus Christi 1988, writ denied). We overrule points of error fifteen, sixteen, and twenty-four.

In point of error seventeen appellant argues there is insufficient evidence to sustain the jury's award of $25,000 for mental anguish. Appellant does not demonstrate how the evidence is insufficient in light of the circumstances or that the jury was influenced

by passion, prejudice or improper motive. Appellant's only argument is that "[N]onpayment of debt is a common occurrence, and although it may cause the creditor considerable difficulty, it does not create great grief nor poignant suffering." Having reviewed the record, we decline to substitute our judgment for that of the jury. Point seventeen is overruled.

■ In points eighteen and nineteen, appellant challenges the legal and factual sufficiency of the evidence to support the jury's finding of malice. The jury was instructed that malice "means ill-will, bad or evil motive, or such gross indifference to the rights of others as will amount to a willful or wanton act." The jury was also instructed that malice could be "inferred from such utter recklessness as to indicate a disregard of the consequences."

The record belies appellant's argument that he only refused to pay the ad litem fee in order to contest the order. Even appellant's own testimony satisfies the court's definition of malice. Neither his testimony nor the other circumstances set forth elsewhere in this opinion need be repeated here. We overrule these points of error.

In his twentieth point of error, appellant contends the trial court erred in admitting before the jury a letter from the trial judge (who approved the minor's settlement) to appellant. While appellant's argument is somewhat global, we interpret his main complaint to be that the letter revealed the amount of the settlement which was to be paid to the parents of the minor and appellant ($150,000), that from this amount appellant was to receive his $103,000 fee, and from which amount appellant was to pay $18,080 of the ad litem fee.

We fail to understand any basis for complaint. There was extensive evidence before the jury, including testimony from appellant, that the structured settlement was in excess of $1,100,000 of which $150,000 was paid up front and that appellant's 33⅓ percent fee was $103,000. This point of error is overruled.

In points twenty-one and twenty-two, appellant complains of the admission of evidence that appellant had not pled for bystander's damages on behalf of the minor's mother. We decline to address these issues on the merits for the reason that appellant has not cited any authority in support of his contention. *Lewis v. Texas Utilities,* 825 S.W.2d 722 (Tex.App.—Dallas 1992, writ denied). This point is overruled.

■ In his twenty-third point of error, appellant contends the trial court erred in excluding appellant's testimony before the jury that he had consulted numerous attorneys about the validity of the judgment assessing a portion of the ad litem costs against him. Appellant argues that this evidence was admissible on the issue of malice. During cross-examination on his bill of exception, appellant acknowledged that he had not discussed with any of the lawyers the issue of what he should do with the guardian ad litem fee; in appellant's own words, "The rest of it I felt I knew what to do without any further consultation."

Even if we concluded, which we do not, that it was error to exclude this evidence, the error would not require a reversal because it did not amount to such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment. Tex.R.App.P. Rule 81(b)(1). This point of error is overruled.

■ Finally, in his twenty-fifth point of error appellant contends that "inclusion in the judgment herein of $18,080.00 costs assessed against Newman in the Bennett case results in a double recovery." While appellant does not use the term res judicata, the effect of his argument is that the prior judgment is res judicata and the present judgment constitutes a double recovery for that sum. *See Fowler v. Stone,* 600 S.W.2d 351 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). Here, as there, there was no pleading raising the claim of res judicata. An affirmative defense, such as res judicata, must be pled or is waived. *Fowler,* 600 S.W.2d at 353. This point is overruled.

The judgment is affirmed.

BOWERS, J., not participating in decision, having departed this life on October 1, 1993.